D. Maimon Kirschenbaum (DK 2448)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SALIM SHAHRIAR, MUHAMMAD ISLAM,
AND MARY HARVEY on behalf of              INDEX NO: 08-cv-00057
themselves and all others similarly situated,

                  **Plaintiffs,**

   v.

**SMITH & WOLLENSKY RESTAURANT
GROUP, INC. d/b/a PARK AVENUE
RESTAURANT AND FOURTH WALLS
RESTAURANTS LLC, d/b/a PARK
AVENUE RESTAURANT,**

                  **Defendants.**
-----------------------------------------------------------x

## DECLARATION OF ANDREW MELLOR

I, Andrew Mellor, under penalty of perjury, affirm as follows:

1. I was employed by Defendants as a captain at Park Avenue Café from December 1997 until July 2007, and I am an opt-in Plaintiff in this lawsuit.

2. Throughout my employment at Park Avenue, I was paid less than the federal minimum wage.

3. When I began working for Park Avenue, each individual server/captain was required to share his tips with several employees, including runners, coffee makers, silverware polishers and expediters.

4. The coffee makers with whom we shared tips never communicated with customers or provided direct customer service. Their job duties were simply to make coffee. These employees were listed under the "coffee" category in the tip-out sheets.

5. Similarly, the expediters with whom we shared tips primarily called food orders into the kitchen, and the silver/glass polishers polished silver and glass. None of these employees ever communicated with customers or provided direct customer service.

6. Expediters were listed under the "runner" categories in the tip-out sheets, and silver/glass polishers under "silver."

7. In the middle of 2007, Sergio Pasentez became an assistant general manager at Park Avenue.

8. After Mr. Pasentez became assistant GM, Park Avenue required employees to participate in a tip-pool.

9. I was never asked whether I wanted to be in the tip-pool, and the terms of the tip pool were maintained and enforced by the restaurant's management, not the servers or similarly tipped employees.

10. Park Avenue continued to require us to share tips with silver polishers, expediters and coffee makers by placing them to participate in the tip-pool

11. After the tip-pool was imposed on us, Park Avenue never provided us with any accounting regarding how tips were distributed. They simply handed us our envelopes with money the following day. Accordingly, I have no way of knowing whether all of the tip money received on any given night was distributed into the tip-pool.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
February 12, 2008

_____
Andrew Mellor