LITTLER MENDELSON, P.C.
Christina L. Feege (CF-1474)
A. Michael Weber (AMW-8760)
Attorneys for Defendants
885 Third Avenue, 16th Floor
New York, New York 10022
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALIM SHAHRIAR, MUHAMMAD ISLAM, AND MARY HARVEY on behalf of themselves and all others similarly situated<br><br>                              Plaintiffs,<br><br>        v.<br><br>THE SMITH & WOLLENSKY RESTAURANT GROUP, INC. d/b/a PARK AVENUE RESTAURANT AND FOURTH WALL RESTAURANTS LLC, d/b/a PARK AVENUE RESTAURANT,<br><br>                              Defendants. | Civil Action No. 08 CV 0057<br><br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |

Defendants, the Smith & Wollensky Restaurant Group, Inc. ("SWRG"), alleged to be doing business as Park Avenue Winter/Spring/Fall/Summer ("Park Avenue Restaurant") and Fourth Wall Restaurants LLC, alleged to be doing business as Park Avenue Restaurant (collectively "Defendants"), by and through their undersigned counsel, for their Answer to the Amended Complaint (the "Complaint"), state as follows:

## JURISDICTION AND VENUE

1.      No response is required to the allegations contained in paragraph 1 of the Complaint.

2.     The allegations contained in paragraph 2 of the Complaint constitute legal conclusions which require neither an admission nor a denial, and to the extent a response is required, Defendants deny them, although Defendants do admit that Plaintiffs purport to bring a collective action individually and on behalf of all others similarly situated, under the Fair Labor Standards Act ("FLSA") and assert that supplemental jurisdiction exists for Plaintiffs' claims asserted under New York State Law.

3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit Defendants conduct business in this District and venue is therefore proper.

## THE PARTIES

4.     No response is required to the allegations contained in paragraph 4 of the Complaint.

5.     Admit the allegations contained in paragraph 5 of the Complaint, except aver that Smith & Wollensky Restaurant Group is no longer an active corporation, and deny that it currently owns or manages Park Avenue Restaurant.

6.     Admit the allegations contained in paragraph 6 of the Complaint.

7.     Admit the allegations contained in paragraph 7 of the Complaint.

8.     Admit the allegations contained in paragraph 8 of the Complaint.

9.     Admit the allegations contained in paragraph 9 of the Complaint.

## FSLA COLLECTIVE ACTION ALLEGATIONS

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Defendants deny the allegations except to admit that Plaintiffs purport to bring a collective action under the Fair Labor Standards Act ("FLSA"), individually and on behalf of all captains, front waiters, back waiters and/or servers of Park Avenue Restaurant who worked in that capacity during the three years preceding January 4, 2008.

11.     Deny the allegations contained in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

## RULE 23 CLASS ALLEGATIONS- NEW YORK

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Defendants deny the allegations except to admit that Plaintiffs purport to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all captains, front waiters, back waiters and/or servers of Park Avenue Restaurant who worked in that capacity during the six years preceding January 4, 2008.

14.     Deny the allegations contained in paragraph 14 of the Complaint, except admit that the hours of work and rate of pay for each putative class member would be ascertainable from Park Avenue Restaurant's records.

15.    The allegations contained in paragraph 15 of the Complaint concerning numerosity and the impracticability of joinder constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny the remaining allegations contained in paragraph 15 of the Complaint.

16.    The allegations contained in paragraph 16 of the Complaint concerning typicality constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny the remaining allegations contained in paragraph 16 of the Complaint.

17.    Deny the allegations contained in paragraph 17 of the Complaint, except that Defendants lack sufficient knowledge or information related to Plaintiffs' counsel's ability and experience, and therefore deny the allegations concerning the adequacy of putative class counsel.

18.    Deny the allegations contained in Paragraph 18 of the Complaint.

19.    Deny the allegations set forth in Paragraph 19 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other employers' conduct.

20.    The allegations contained in paragraph 20 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

## FACTS

21.    Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint.

23.     Admit the allegations contained in paragraph 23 of the Complaint.

24.     Admit the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(FSLA Claims, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

32.     Defendants repeat and reallege their answers to paragraphs 1 through 31 of the Complaint as if each were fully set forth at length herein.

33.     Deny the allegations contained in paragraph 33 of the Complaint, except that the Plaintiffs were or are employed by Park Avenue Restaurant.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Admit that the Plaintiffs seek the relief stated in paragraph 35 of the Complaint, but deny that Plaintiffs or any of the FLSA Collective Plaintiffs are entitled to such relief.

## SECOND CLAIM FOR RELIEF

**(FSLA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

36.     Defendants repeat and reallege their answers to paragraphs 1 through 35 of the Complaint as if each were fully set forth at length herein.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Admit that the Plaintiffs seek the relief stated in paragraph 40 of the Complaint, but deny that Plaintiffs or any of the FLSA Collective Plaintiffs are entitled to such relief.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

41.     Defendants repeat and reallege their answers to paragraphs 1 through 40 of the Complaint as if each were fully set forth at length herein.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.    No response is required to the allegations contained in paragraph 45 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class

46.    Defendants repeat and reallege their answers to paragraphs 1 through 45 of the Complaint as if each were fully set forth at length herein.

47.    The allegations contained in paragraph 47 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

48.    Deny the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    No response is required to the allegations contained in paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. §§§ 193, 196-d and 198-b Brought by Plaintiffs on Behalf of Themselves and the Class)

51.    Defendants repeat and reallege their answers to paragraphs 1 through 50 of the Complaint as if each were fully set forth at length herein.

52.    Deny the allegations contained in paragraph 52 of the Complaint.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny the allegations contained in paragraph 54 of the Complaint.

55.    No response is required to the allegations contained in paragraph 55 of the Complaint.

## SIXTH CLAIM FOR RELIEF

**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 et seq., and N.Y. Comp. Code R. & Regs. Tit. 12, §137-1.7**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

56.    Defendants repeat and reallege their answers to paragraphs 1 through 55 of the Complaint as if each were fully set forth at length herein.

57.    Deny the allegations contained in paragraph 57 of the Complaint.

58.    Deny the allegations contained in paragraph 58 of the Complaint.

59.    Deny the allegations contained in paragraph 59 of the Complaint.

60.    No response is required to the allegations contained in paragraph 60 of the Complaint.

## DEFENSES

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or unclean hands.

3.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

4.     Smith & Wollensky Restaurant Group, Inc. and Fourth Wall Restaurants are not proper defendants in this action as neither is an "employer" of the plaintiffs within the scope of the Fair Labor Standards Act and/or the New York State Labor Law.

5.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

6.     Plaintiffs' claims for relief under New York Labor Law may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

7.     Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act and New York State Labor law.

8.     The Complaint fails to state a claim upon which prejudgment interest may be granted.

9.     Plaintiffs' claims for liquidated damages, if any, are barred, in whole or in part, because any and all actions taken by defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

10.     Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

11.    Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

12.    Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

13.    Any claim for additional compensation by plaintiffs or any purported class members must be reduced by compensation already paid to plaintiffs or any purported class members for periods not compensable under the Fair Labor Standards Act or New York Labor Law.

**WHEREFORE,** Defendants request judgment against the Plaintiffs with respect to their claims asserted herein, dismissing the FLSA Class and Collective Action Complaint in the above action, and judgment in favor of Defendants, together with costs and disbursement of the above-entitled action and any other relief this Court may deem just and proper.

Date:   New York, New York
        August 11, 2008

                                        **LITTLER MENDELSON, P.C.**

                                        /S/Gregory B. Reilly
                                        Gregory B. Reilly (GR-6189)
                                        A. Michael Weber (AMW-8760)
                                        Attorneys for Defendants
                                        885 Third Avenue, 16th Floor
                                        New York, New York 10022.4834
                                        212.583.9600
                                        greilly@littler.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALIM SHAHRIAR, MUHAMMAD ISLAM, AND MARY HARVEY on behalf of themselves and all others similarly situated<br><br>                              Plaintiffs,<br><br>        v.<br><br>THE SMITH & WOLLENSKY RESTAURANT GROUP, INC. d/b/a PARK AVENUE RESTAURANT AND FOURTH WALL RESTAURANTS LLC, d/b/a PARK AVENUE RESTAURANT,<br><br>                              Defendants. | Civil Action No. 08 CV 0057<br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on August 11, 2008, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF systems, which sent notification of such filing to the following:

Daniel Maimon Kirschenbaum, Esq.
Joseph and Herzfeld
757 3rd Avenue
NY, NY 10017
Tel: (212) 688-5640x2548
Fax: (212)688-5639
Email: maimon@jhllp.com
Attorneys for Plaintiffs


/S/Gregory B. Reilly