UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALIM SHAHRIAR, MUHAMMED ISLAM, and
MARY HARVEY on behalf of themselves and all
others similary situated,

                Plaintiffs,

     -against-

SMITH & WOLLENSKY RESTAURANT GROUP,
INC. d/b/a PARK AVENUE RESTAURANT and
FOURTH WALLS RESTAURANTS LLC, d/b/a
PARK AVENUE RESTAURANT,

                Defendants.

Index No. 08-cv-0057

---

# MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

---

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Telephone: 212.583.9600

Attorneys for Defendants

*Of Counsel:*
    A. Michael Weber
    Gregory B. Reilly
    Elena Paraskevas-Thadani

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .......................................................................... 2

    Background ...................................................................................................... 2

    The Present Motion for Rule 23 Class Certification .......................................... 3

    Courts in the Southern District of New York Do Not "Rubber Stamp" Rule 23
    Motions ......................................................................................................... 3

        Plaintiffs' Motion Should Be Denied for Lack of Evidentiary Support ............ 6

ARGUMENT .................................................................................................... 8

I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION AS AN
     ABUSE OF SUPPLEMENTAL JURISDICTION ..................................... 8

II.   THE COURT MUST DENY PLAINTIFFS' MOTION FOR FAILURE
     TO MEET REQUISITE ELEMENTS FOR RULE 23 CLASS
     CERTIFICATION .................................................................................. 11

    A.    Standard for Class Certification ......................................................... 11

    B.    Plaintiffs' Claim Does Not Meet the Requirements of Rule 23(a)(1)
        Because Plaintiffs Cannot Show Numerosity ...................................... 13

        1.    Plaintiffs Present No Evidence That Joinder Is
           Impracticable ........................................................................ 13

        2.    Plaintiffs Do Not Otherwise Prove Impracticality of Joinder ......... 14

        3.    There Is No Evidence that Joinder is Difficult To
           Accomplish or Inefficient ...................................................... 15

        4.    There is No Evidence that the Putative Class is
           Geographically Dispersed ...................................................... 16

    C.    Plaintiffs' Motion for Class Certification Must Be Denied Because
        Plaintiffs' Claims Do Not Meet the Rule 23(b)(3) Requirements ......... 18

        1.    There Is No Evidence That Class Issues Predominate Over
           Individual Questions ............................................................. 19

        2.    A Class Action is Not the Superior Method for the Putative
           Plaintiffs to Adjudicate Their State Law Wage Claims ............ 21

TABLE OF CONTENTS
(CONTINUED)

PAGE

CONCLUSION............................................................................................................................ 22

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Accord La Chapelle v. Owens-Illinois, Inc.,*
513 F.2d 286 (5th Cir. 1975) ........................................................................................ 5

*Amchem Prods. Inc. v. Windsor,*
521 U.S. 591 (1997).................................................................................................... 19

*Ansari v. New York University,*
179 F.R.D. 112 (S.D.N.Y. 1988). ........................................................................ 12, 16

*Ansoumana v. Gristede's Operating Corp.,*
201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................................... 6

*Brzychnalski v. Unesco, Inc.,*
35 F. Supp. 2d 351 (S.D.N.Y. 1999) ............................................................................ 5

*Cano v. Four M Food Corp.,* No 08-CV-3005 (JFB) (AKT),
2009 U.S. Dist. LEXIS 7780, *33 (E.D.N.Y. Feb. 3, 2009).......................................11

*Chao v. One-A-Med. Servs., Inc.,*
346 F.3d 908 (9th Cir. 2003) ...................................................................................... 10

*Cunninghuam v. Local 30,*
234 F. Supp. 2d 383 (S.D.N.Y. 2002) ........................................................................ 20

*Damassia v. Duane Reade, Inc.,*
250 F.R.D. 152 (S.D.N.Y. 2008) ............................................................................. 6, 8

*Dauphin v. Chestnut Ridge Trans., Inc.,*
06-2730, 2009 U.S. Dist. LEXIS 74483 (S.D.N.Y. Aug. 20, 2009)............................. 4

*De La Cruz v. Gill Corn Farms, Inc.,*
No. 03-1133, 2005 U.S. Dist. LEXIS 44675  (N.D.N.Y. Jan. 25, 2005)..........4, 9, 10

*DeAsencio v. Tyson Foods, Inc.,*
342 F.3d 301 (3d Cir. 2003) ......................................................................................... 9

*Deen v. New School University,*
05 Civ. 7174 (KMW), 2008 U.S. Dist. LEXIS 7846 (S.D.N.Y. Feb. 4, 2008) ..........15, 16

*Duchene v. Michael L. Cetta, Inc.,*
244 F.R.D. 202 (S.D.N.Y. 2007) ................................................................................. 6

*Edge v. C. Tech Collections, Inc.,*
203 F.R.D. 85 (E.D.N.Y. 2001) ............................................................................ 14, 18

*Elkins v. American Showa, Inc.,*
219 F.R.D. 414 (S.D. Ohio 2002).............................................................................. 13

*Ervin v. OS Restaurant Services, Inc.,*
08 C 1091, 2009 U.S. Dist. LEXIS 56062, at *3-4 (N.D. Ill. July 1, 2009)................. 4

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Foster v. The Food Emporium,*
  No. 99 Civ. 3860 (CM), 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ................ 4, 9

*Gardner Western Beef Properties,* Inc.,
  07-cv-2345 (RJD), 2008 U.S. Dist. LEXIS 47027 (E.D.N.Y. 2008) ........................................ 5

*Gen. Tel. Co. of Southwest v. Falcon,*
  457 U.S. 147 (1982)................................................................................................... 6, 11

*Giullari v. Niagara Falls Memorial Medical Center,*
  No. 96 Civ. 0271, 1997 WL 65862 at *3 (W.D.N.Y. Feb. 5, 1997)). ..................................... 16

*Gonzalez v. City of New York,*
  396 F. Supp. 2d 411 (S.D.N.Y. 2005) ..................................................................................... 10

*Gortat v. Capala Brothers, Inc.,*
  07-CV-3629(ILG)(SMG), 2009 U.S. Dist. LEXIS 101837 (E.D.N.Y. Oct. 16,
  2009) ........................................................................................................................................ 5

*Guzman v. VLM, Inc.,*
  07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. March 2,
  2008) ........................................................................................................................................ 5

*Harris v. Initial Sec., Inc.,*
  2007 WL 703868 (S.D.N.Y. 2007).......................................................................................... 19

*Harriston v. Chicago Tribune Co.,*
  992 F.2d 697 (7th Cir. 1993) .................................................................................................. 12

*Heaven v. Trust Co. Bank,*
  118 F.3d 735 (11th Cir. 1997) ................................................................................................ 12

*Heerwagen v. Clear Channel Communs,*
  435 F.3d 219 (2d Cir. 2006) ............................................................................................ 11, 12

*Iglesias-Mendoza v. La Belle Farm, Inc.,*
  239 F.R.D. 363 (S.D.N.Y. 2007) .............................................................................................. 5

*In re IPO Sec. Lit.,*
  471 F.3d 24 (2d Cir. 2006) ................................................................................................ 7, 12

*In re Top Tankers, Inc. Sec. Litig.,*
  06 Civ. 13761 (CM), 2008 U.S. Dist. LEXIS 58106 (S.D.N.Y. July 31, 2008) ..................... 19

*In re Visa Check/MasterMoney Antitrust Lit.,*
  280 F.3d 124  (2d Cir. 2001) .................................................................................................. 19

*Jankowski v. Castaldi,*
  01-cv-0164 (SJF)(KAM), 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11,
  2006) ........................................................................................................................................ 5

## TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Kane v. Gage Merchandising Servs., Inc.*,
  138 F. Supp. 2d 212 (D. Mass. 2001) ................................................................. 13

*Kempner v. Town of Greenwich*,
  249 F.R.D. 15 (D. Conn. 2008) .......................................................................... 15

*LaChapelle v. Owens-Illinois, Inc.*,
  513 F.2d 286 (5th Cir. 1975) ............................................................................. 13

*LeGrand v. New York City Transit Auth.*,
  95-CV-0333 (JG), 1999 U.S. Dist. LEXIS 8020 (E.D.N.Y. May 26, 1999) ............... 13, 15, 17

*Lewis v. National Financial Systems, Inc.*, Civ. No. 06-1308 (DRH)(ARL), 2007
  U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007) ....................................... 4, 13, 14

*Madrigal v. Green iant Co.*,
  No. C-78-157, 1981 U.S. Dist. Lexis 15325, at *7-9 (E.D. Was. July 27, 1981) ...................... 5

*Maneely v. City of Newburgh*,
  208 F.R.D. 69 (S.D.N.Y. 2002) .......................................................................... 19

*Marquis v. Tecumseh Products Company*,
  206 F.R.D. 132  (E.D. Mich. Mar. 20, 2002) ........................................................... 9

*Mascol v. E&L Transp., Inc.*, CV-03-3343 (CPS) ....................................................... 5

*Mendoza v. Casa De Cambio Delgado, Inc.*,
  07-CV-2579 (HB), 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008) ...................... 8, 19

*Moore v. Trippe*, 143 F.Supp. 201, 211 (S.D.N.Y. 1990) .............................................. 17

*Morisky v. Public Service Elec. & Gas Co.*,
  111 F. Supp. 2d 493, 296 (D.N.J. 2000) ............................................................... 13

*Nevares v. Captain Louis Morrissey*,
  No. 95 Civ. 1135, 1998 U.S. Dist. LEXIS 7680 (S.D.N.Y. May 22, 1998) ........................... 20

*Niemiec v. Ann Bendick Realty*,
  04-CV-897 (ENV) (KAM), 2007 U.S. Dist. LEXIS 98840 *23-33 (E.D.N.Y.
  Mar. 30, 2007) ............................................................................................... 6

*Patel v. Baluchi's Indian Restaurant*,
  08 Civ. 9985 (RJS), 2009 U.S. Dist. LEXIS 66512 (S.D.N.Y. July 30, 2009) ........................ 5

*Primavera Familienstiftung v. Askin*,
  178 F.R.D. 405 (S.D.N.Y. 1998) ...................................................................... 15, 16

*Pyke v. Cuomo*,
  209 F.R.D. 33 (N.D.N.Y. 2002) .......................................................................... 12

*Rahman v. The Smith & Wollensky Restaurant Group, Inc.*,
  06 Civ. 6198, Slip. Op. (July 1. 2009) ............................................................... 17, 18

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993) ................................................................ 14, 16

*Rodriguez v. The Texan, Inc.,*
    No. 01 C 1478, 2001 U.S. Dist LEXIS 24652, at \*3 (N.D. Ill Mar. 17, 2001) ......................... 4

*Scholtisek v. Eldre Corp.,*
    229 F.R.D. 381 (W.D.N.Y. 2005) ........................................................... 5

*Sheehan v. Purolator, Inc.,*
    839 F.2d 99 (2d Cir. 1988) ................................................................. 6, 11

*Smellie v. Mount Sinai Hosp.,*
    No. 03 Civ. 0805 (LTS)(DFE), 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov.
    24, 2004) ................................................................................. 5

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,*
    546 F.3d 196 (2d Cir. 2008) ............................................................... 7, 12

*Thiebes v. Wal-Mart Stores, Inc.,*
    Civil No. 98-802-KI, 2002 U.S. Dist. LEXIS 644, at \*7-9  (D. Or. Jan. 9, 2002) .................... 4

*Torres v. Gristede's Operating Corp.,*
    04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) ...................... 5

*Tran v. LeFrench Baker, Inc.,*
    1995 U.S. Dist. LEXIS 8371, at \*7 (N.D. Cal. 1995) ...................................... 10

*Trinidad v. Breakaway Courier Sys.,*
    05 Civ. 4116 (RWS), 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007) ...................... 5

*Tussing v. Quality Resources, Inc.,*
    8:09-cv-1833-T-26AEP, 2009 U.S. Dist. LEXIS 110190 (M.D. Fla. Nov. 25,
    2009) ..................................................................................... 8

*Universal Calvary Church v. City of New York,*
    117 F.R.D. 181 (S.D.N.Y. 1998) ........................................................... 16

*Velez v. Majik Cleaning Serv. Inc.,*
    03 Civ. 8698, 2005 U.S. Dist. Lexis 709 (S.D.N.Y. 2005) .................................. 14

*Velez v. Novartis Pharmaceuticals Corp.,*
    244 F.R.D. 243 (S.D.N.Y. 2007) ........................................................ 12, 18

*Westerfield v. Wash. Mut. Bank,*
    06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007) ................................ 5

*White v. First American Registry,*
    230 F.R.D. 365 (S.D.N.Y. 2005) .......................................................... 11

*Woodard v. FedEx Freight East, Inc.,*
    250 F.R.D. 178 (M.D. Pa. 2008) ........................................................... 4

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Wraga v. Marble Lite, Inc.*,
 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)..........................5

## STATUTES

28 U.S.C. § 1367(c) ..................................................................10

29 U.S.C. § 216(b) ................................................................4, 8

29 U.S.C. § 216(c) ..................................................................10

New York Labor Law section § 196-d ..................................20

## OTHER AUTHORITIES

1 A. Conte & H. Newberg,
 Newberg on Class Actions § 3.03 (4th ed. 2002) ....................14

## RULES

Fed. R. Civ. P. 23(a) ........................................................11, 15, 18

Fed. R. Civ. P. 23(a)(2) ............................................................18

Fed. R. Civ. P. 23(a)(3) ............................................................18

Fed. R. Civ. P. 23(a)(4) ............................................................18

Fed. R. Civ. P. 23(b) ..........................................................12, 18

Fed. R. Civ. P. 23(b)(3) ....................................................12, 18, 21

Fed. R. Civ. P. 23(g) ..........................................................12, 18

Federal Practice §23.60 ............................................................18

Salim Shahriar, Muhammed Islam and Mary Harvey ("Plaintiffs") filed their complaint on January 4, 2008 alleging failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), *see* Amended Complaint (the "Complaint"), Counts One and Two, respectively. Plaintiffs also allege failure to pay minimum wage and overtime in violation of the New York Labor Law ("NYLL"), Counts Three and Four, respectively; illegal pay deductions in violation of the NYLL, Count Five; and violation of the NYLL's "spread of hours" requirement, Count Six.

More than a year ago, Plaintiffs sent notice to 172 waiters requesting that they join this lawsuit to prosecute their potential FLSA claims. Only 22 waiters decided to do so. Now, more than two years since the filing of their Complaint, Plaintiffs move pursuant to Rule 23 to certify a class of hundreds of waiters who did not agree to join this lawsuit or whose potential FLSA claims are time-barred. By their motion, Plaintiffs are requesting that the Court abuse its supplemental jurisdiction to create a class plaintiffs with exclusively state law claims so hundreds of additional waiters will be part of this lawsuit (unless they expressly opt-out) even though these waiters refused to join earlier or have no federal claim.

Defendants Smith & Wollensky Restaurant Group, Inc. d/b/a Park Avenue Restaurant and Fourth Walls Restaurants LLC, d/b/a Park Avenue Restaurant ("PAC" or "Defendant") respectfully submit this memorandum of law because the Court should deny Plaintiffs' motion in its entirety. As explained in greater detail below, the Court should deny Plaintiffs' motion because: (1) supplemental jurisdiction is inappropriate under the facts of this case, and (2) Plaintiffs fail to meet their burden of proving the requisite elements necessary for Rule 23 class certification.

## PRELIMINARY STATEMENT

### Background

There is presently an epidemic of wage and hour class action lawsuits against Manhattan restaurants in the Southern District of New York. Plaintiffs' counsel's law firm is one of a handful of firms that is leading the charge representing employees – often waiters, as in this case.[1] Many, if not most, of these lawsuits are settled to the benefit of the waiters and to the even greater benefit of their counsel. Indeed, the very threat of a class action often encourages the restaurants to settle rather than to incur attorneys' fees and risk potential liability.

Until this lawsuit was filed, not one of PAC's waiters (or other employees) had made any allegations respecting alleged wage and hour violations. Chiovaro Dec., ¶ 4. Since this lawsuit was filed no PAC waiter has filed an administrative or court complaint against PAC alleging a wage and hour violation. Chiovaro Dec. ¶ 4. PAC is one of the finest restaurants in Manhattan, and its professional and well-compensated wait staff generally have few complaints. Chiovaro Dec., ¶ 5; Harvey Dep. at 50; Rahman Dep. at 257.[2]

For this reason, *inter alia,* in September 2008 PAC voluntarily agreed to permit Plaintiffs' counsel to notify a putative group of plaintiffs with potential claims under the FLSA that they could join this lawsuit, and PAC voluntarily provided Plaintiffs' counsel with the names and addresses of the putative plaintiffs to do so. Pl. Br. at 1. Not surprisingly, very few of PAC's waiters decided that they wanted to join this lawsuit. Thus, of the 172 waiters eligible to join this lawsuit to make FLSA claims, only 22 decided to do so – in other words, less than 13

---

[1]    A cursory review of this Court's docket shows that Plaintiffs' lead counsel, Maimon Kirschenbaum, has been or presently represents plaintiffs in no less than 86 such lawsuits in the past five (5) years. *See* Paraskevas-Thadani Dec. Ex. A.

[2]    Excerpts from deposition testimony and other documents are attached to the accompanying January 6, 2010 Declaration of Elena Paraskevas-Thadani ("Paraskevas-Thadani Dec.").

percent of the eligible waiters decided to join this lawsuit. Accordingly, this case before the Court is presently a 22 plaintiff FLSA lawsuit and nothing else.[3] By their motion Plaintiffs seek to expand the number of plaintiffs ten-fold; specifically, there are potentially 275 individuals with potential NYLL claims who are eligible to join this lawsuit because of the NYLL's longer (6 year) statute of limitations.[4] Chiovaro Dec. ¶ 2.

## The Present Motion for Rule 23 Class Certification

After a lackluster showing of interest, Plaintiffs' counsel has now filed the present motion. Plaintiffs' motion asserts that the Court should permit the Complaint's state law causes of action to proceed as a Rule 23 class action because such a ruling would be "routine." However, Plaintiffs offer bare (and inadequate) support for their motion because they apparently believe that they Court should simply "rubber stamp" their bald assertion that Rule 23 class certification is appropriate. PAC respectfully submits that Rule 23 class certification is inappropriate in this case, and the Court should deny Plaintiffs' motion in its entirety.

## Courts in the Southern District of New York Do Not "Rubber Stamp" Rule 23 Motions

Plaintiffs' motion is clearly premised on the idea that this Court should grant class certification as part of an alleged "rubber stamping" process that is supposedly engaged in by all the district courts in the Second Circuit. To this end, Plaintiffs' legal argument for Rule 23 certification essentially begins and ends with an 18 case string cite allegedly standing for the

---

[3]  This lawsuit was never certified as a "collective action" under the FLSA. It is, therefore, a bit misleading for Plaintiffs to make arguments such as "if the FLSA claims are conditionally certified as a collective action, certifying the state law claims as a class action will promote judicial economy" (Pl. Br. at 10).

[4]  Of course, a Rule 23 class action (unlike an FLSA opt-in collective action) includes all putative plaintiffs who are notified of the lawsuit unless they specifically opt out. Therefore, as a practical matter, participation rates in a Rule 23 class action are usually much greater because a putative Rule 23 class member need not do anything to be part of the class.

proposition that "It is routine for courts in the Second Circuit to certify state labor law classes in FLSA actions." (Pl. Brief at 10, n. 34).

PAC respectfully submits that Rule 23 class certification of NYLL claims is not a *fait accompli*, and district courts within the Second Circuit have refused to grant Rule 23 class certification in similar "hybrid" FLSA/NYLL lawsuits. *See, e.g., Dauphin v. Chestnut Ridge Trans., Inc.*, 06-2730, 2009 U.S. Dist. LEXIS 74483 (S.D.N.Y. Aug. 20, 2009); *Lewis v. National Financial Systems, Inc.*, Civ. No. 06-1308 (DRH)(ARL), 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007); *De La Cruz v. gill Corn Farms, Inc.*, 03-1133, 2005 U.S. Dist. LEXIS 44675 (N.D.N.Y. Jan 25, 2005); *Foster v. The Food Emporium*, 99-3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. April 26 2000). Moreover, in this case it would be particularly inappropriate for the Court to extend its supplemental jurisdiction to permit Rule 23 class certification over the NYLL claims.

While district courts in the Second Circuit have issued decisions permitting NYLL class actions and FLSA actions to be certified concurrently, the Second Circuit has not directly addressed the issue. Defendants note that others courts that have considered the question have found such actions incompatible, because the objectives of Section 216(b) of the FLSA would be defeated if plaintiffs can obtain federal jurisdiction with an FLSA claim and then sidestep §216(b)'s opt-in requirement by asserting an opt-out class claim under a parallel state law that lacks an opt-in requirement. *See, e.g., Ervin v. OS Restaurant Services, Inc.*, 08 C 1091, 2009 U.S. Dist. LEXIS 56062, at *3-4 (N.D. Ill. July 1, 2009)*; Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008); *Thiebes v. Wal-Mart Stores, Inc.*, Civil No. 98-802-KI, 2002 U.S. Dist. LEXIS 644, at *7-9 (D. Or. Jan. 9, 2002); *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 U.S. Dist LEXIS 24652, at *3 (N.D. Ill Mar. 17, 2001); *Madrigal v. Green iant Co.*,

No. C-78-157, 1981 U.S. Dist. Lexis 15325, at *7-9 (E.D. Was. July 27, 1981); *Accord La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

Moreover, the cases Plaintiffs cite in support of their proposition that the Court should "rubberstamp" their motion and grant certification, are either inapposite or distinguishable. (Pl. Brief at 10, n. 34):

- Three of the cases do not involve a pending motion for class certification.[5]

- Seven of the cases do not address the issue of the Court's supplemental jurisdiction over the Plaintiffs' state law claims or merely state that there is supplemental jurisdiction without analysis.[6] As explained, *infra*, PAC respectfully submits that the Court should deny Plaintiffs' motion by declining to exercise the Court's supplemental jurisdiction over the Plaintiffs' state law claims.

- Five of the cases Plaintiffs cited involve cases, unlike here, where the plaintiffs moved simultaneously for certification as both an FLSA collective action and a Rule 23 class action.[7] This is a significant distinction because in those cases the courts were not at the time confronted, as here, with the stark difficulty of extending supplemental federal jurisdiction over state law claims raised by a small minority of FLSA plaintiffs (the "large state tail wagging a small federal dog").

---

[5]  *See Patel v. Baluchi's Indian Restaurant*, 08 Civ. 9985 (RJS), 2009 U.S. Dist. LEXIS 66512 (S.D.N.Y. July 30, 2009) (court states that class certification is not before the court); *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006) (class certification motion not before the court in the decision). Plaintiffs' citation of *Gardner Western Beef Properties, Inc.*, 07-cv-2345 (RJD), 2008 U.S. Dist. LEXIS 47027 (E.D.N.Y. 2008) (the court specifically noted that class certification was not before it).

[6]  *See Gortat v. Capala Brothers, Inc.*, 07-CV-3629(ILG)(SMG), 2009 U.S. Dist. LEXIS 101837 (E.D.N.Y. Oct. 16, 2009) (no analysis or discussion regarding supplemental jurisdiction); *Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007) (simply states that the defendants abandoned their argument that the court should not exercise supplemental jurisdiction without any analysis); *Trinidad v. Breakaway Courier Sys.*, 05 Civ. 4116 (RWS), 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007) (no discussion regarding the issue of supplemental jurisdiction); *Gardner Western Beef Properties*, Inc., 07-cv-2345 (RJD), 2008 U.S. Dist. LEXIS 47027 (E.D.N.Y. 2008) (no analysis or discussion concerning supplemental jurisdiction, but court states that "Federal and State Overtime claims can coexist."); *Mascol v. E&L Transp., Inc.*, CV-03-3343 (CPS), 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. June 29, 2005) (no analysis or discussion regarding supplemental jurisdiction); *Jankowski v. Castaldi*, 01-cv-0164 (SJF)(KAM), 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11, 2006) (does not analyze supplemental jurisdiction, merely states that the court has supplemental jurisdiction in a footnote); *Smellie v. Mount Sinai Hosp.*, No. 03 Civ. 0805 (LTS)(DFE), 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov. 24, 2004) (does not analyze supplemental jurisdiction, merely states that the court has it).

[7]  *See Guzman v. VLM, Inc.*, 07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. March 2, 2008); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005); and *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999).

- Two of the cases are distinguishable because, unlike here, the number of FLSA opt-in plaintiffs and Rule 23 plaintiffs were not so disproportionate. Thus, in *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y. 2001) and *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007) the courts specifically noted (unlike here) that the number of federal opt-ins was not disproportionate to the proposed Rule 23 class. *Ansoumana,* 201 F.R.D at 86 (noting that FLSA plaintiffs opted-in at a rate of about 35%); *Duchene,* 244 F.R.D. at 204 (stating that there was "already broad participation in the [FLSA] collective action, which also eliminates the . . . concern that the state law class action would ultimately predominate over the FLSA collective action").

- The remaining two cases cited by Plaintiff are distinguishable because in both cases the plaintiffs' FLSA and New York Labor Law claims were virtually identical in seeking minimum wage and/or overtime. *See Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 163 (S.D.N.Y. 2008) (noting that "in an overtime case brought under both the NYLL and the FLSA, the factual overlap between the federal claims and the state claims is virtually total"); *Niemiec v. Ann Bendick Realty,* 04-CV-897 (ENV) (KAM), 2007 U.S. Dist. LEXIS 98840 *23-33 (E.D.N.Y. Mar. 30, 2007) (adopting plaintiffs' assertion that their FLSA and NYLL claims significantly overlapped). In this case, however, the Plaintiffs' FLSA and NYLL claims differ substantially. Thus, Plaintiffs' FLSA claims are limited to assertions of unpaid minimum wage and overtime (Counts One and Two) whereas Plaintiffs' NYLL claims include additional state law *sui generis* claims of illegal pay deductions (Count Five) and violation of New York's "spread of hours" law (Count Six), which differences mean the supposed efficiency of certification of same or similar claims is not present at the case at bar.

The Court also should deny Plaintiffs' motion because to merely state that the Court ***can***

certify a Rule 23 NYLL class does not mean that it ***should*** do so. The Supreme Court has made

clear that the prerequisites to a class action under Rule 23(a) cannot be presumed. *Gen. Tel. Co.*

*of Southwest v. Falcon,* 457 U.S. 147, 160 (1982). Rather, a "rigorous analysis" is required. *Id.,*

at 161. Courts have been generally strict in their application of the Rule 23(a) criteria. *Sheehan*

*v. Purolator, Inc.,* 839 F.2d 99, 103 (2d Cir. 1988). PAC respectfully submits that Plaintiffs'

motion must be denied because Plaintiffs cannot meet their burden of surviving the rigorous

analysis necessary to qualify for class certification.

## Plaintiffs' Motion Should Be Denied for Lack of Evidentiary Support

Although Plaintiffs do not acknowledge it in their brief, they have the burden of meeting

all of the elements necessary to demonstrate that Rule 23 class certification is appropriate.

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)*In re IPO Sec. Lit.*, 471 F.3d 24, 50 (2d Cir. 2006);. Even though Plaintiffs must meet <u>every</u> element of Rule 23's <u>rigorous</u> analysis and even though they are seeking to expand the number of non-diverse plaintiffs ten-fold, Plaintiffs' evidentiary submissions are paltry, inadequate and, frankly, "slapdash":

- The evidentiary foundation of Plaintiffs' entire motion is subject to question considering the lead declaration of counsel "Matthew D. Kadushin" was apparently signed by "D. Maimon Kirschenbaum."

- The five declarations Plaintiffs filed in support of their motion are the *exact same five* declarations they filed almost two years ago seeking to conditionally certify a collective action under the FLSA. *Compare* Dkt. Nos. 8 Ex. 3 and 14 *with* 46 (Declaration of Mary Harvey dated Feb. 20, 2008); *compare* Dkt. Nos. 8 Ex. 6 and 16 *with* Dkt. No. 47 (Declaration of Salim Shahriar dated Feb. 13, 2008); *compare* Dkt. Nos. 8 Ex. 4 and 12 *with* 49 (Declaration of Masud Ahad dated Feb. 12, 2008); *compare* Dkt. Nos. 8 Ex. 2 and 15 *with* 50 (Declaration of Andrew Mellor Feb. 12, 2008).

- The declarations themselves are "cookie-cutter" and contain not only *several paragraphs, but entire pages* that are virtually identical. *Compare* Declaration of Mary Harvey ¶¶1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27 *with* Declaration of Salim Shahriar ¶¶ 1, 2, 3, 4, 5, 6, 7, 9, 11, 13, 14, 16, 17, 18, 20, 22, 25, 26, 27 *and* Declaration of Islam ¶¶ 1, 2, 3, 4, 5, 6, 7, 9, 11, 13, 16, 17, 18, 23, 26, 27, 28, *and* Mellor Declaration ¶¶ 1, 2, 3, 4, 9, 11. This "cut-and-paste" job is especially obvious since a few declarations contain even the same clerical errors and typos. *See, e.g.,* Shahriar Declaration ¶¶ 7&8 (repeating the same paragraph twice) and Islam Declaration ¶¶ 7&8 (same).

- All of Plaintiffs' supporting affidavits are from individuals who have already joined the lawsuit as having claims under the FLSA. However, none of the affidavits are from individuals who did not join in the FLSA action, but who wish to pursue NYLL claims against PAC. In other words, none of the affidavits are from individuals who would be new to this lawsuit and who are not pursuing a federal claim.

- The declarations provided by Plaintiffs in support of their motion simply provide that the declarants worked at PAC "within the last three years", *see* Harvey Dec. ¶ 1; Shahriar Dec. ¶ 1; Islam Dec. ¶ 1; Ahad Dec. ¶ 1, the federal statute of limitations period, but do not provide whether they worked at PAC during 2002, 2003 or 2004, which is part of the time frame for which Plaintiffs seek Rule 23 certification.

Plaintiffs' supporting affidavits are simply insufficient for this Court to even consider Rule 23 class certification and, accordingly, the Court should deny Plaintiffs' motion.[8] *See, e.g., Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 159-160 (S.D.N.Y. 2008) (discounting probative value and credibility of affidavits submitted respecting class certification where the affidavits were "clearly composed by lawyers" and "in all material respects identical [to] one another"); *Mendoza v. Casa De Cambio Delgado, Inc.,* 07-CV-2579 (HB), 2008 U.S. Dist. LEXIS 27519, *6-7 (S.D.N.Y. Apr. 7, 2008) (finding plaintiffs affidavits in support of class certification motion to be unpersuasive where they "appear to be boilerplate and virtually identical"). *See also Tussing v. Quality Resources, Inc.,* 8:09-cv-1833-T-26AEP, 2009 U.S. Dist. LEXIS 110190, *7-9 (M.D. Fla. Nov. 25, 2009) (finding affidavits submitted by plaintiffs seeking class certification to be "woefully insufficient" where "[p]laintiffs' affidavits are largely the same affidavit signed by six different employees, with few minor differences . . . .").

## ARGUMENT

## I.    The Court Should Deny Plaintiffs' Motion As An Abuse of Supplemental Jurisdiction

It cannot be disputed that there are district court cases in the Second Circuit holding that plaintiffs may proceed concurrently with both FLSA and New York Labor law claims.  The FLSA, however, specifically provides that "[n]o employee shall be a party plaintiff to [an action for wages] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  This "opt-in" requirement ensures that employees with wage claims knowingly take affirmative steps to become members of a class seeking redress for those claims in federal court.  But, in a Rule 23 class action with its

---

[8]    To be sure, Plaintiffs also submit excerpts from the depositions taken by PAC of various waiters.  The deposition excerpts, however, only narrowly relate to Plaintiffs' burden under Rule 23(a)(2) of showing commonality and not to the other hurdles to class certification, which Plaintiffs' motion does not address.

opt-out requirement, PAC employees would be bound without their express consent.  This inconsistency is troubling in all "hybrid" FLSA/NYLL cases, but in this case it provides a particularly compelling reason for denying class certification.

The problem here is that Plaintiffs' motion proposes to create, in essence, a big state tail wagging a very little federal dog.  *See, e.g., DeAsencio v. Tyson Foods, Inc.,* 342 F.3d 301, 311 (3d Cir. 2003); *Marquis v. Tecumseh Products Company,* 206 F.R.D. 132, 165 (E.D. Mich. Mar. 20, 2002).  Only the 22 plaintiffs want to proceed with their claims under the FLSA.  Pl. Br. at 1.  Plaintiffs' motion, however, speculates that "the proposed [Rule 23] class exceeds 200 members."  Pl. Br. at 12.  In reality, PAC's records show that the putative Rule 23 class is comprised of 275 individuals.  Chiovaro Dec., ¶ 2.  In other words, Plaintiffs' motion proposes to add in excess of ten (10) times more non-diverse plaintiffs so that new non-diverse Plaintiffs can pursue solely state law claims in reliance upon this Court's pendent jurisdiction.

Courts in the Second Circuit have recognized that there something "wrong with this picture," from a federal jurisdiction standpoint:

> If persons who have no Federal claim but a timely State law claim hear about this action from their friends and co-workers and wish to file their own individual Labor Law complaints in the New York State Supreme Court, they are free to do so. Those individuals would not be properly before this Court, however, because they have no federal claim and there would not be diversity jurisdiction over any State law claim they might assert (because the $ 75,000 jurisdictional amount would not be reached).  It would be improper to bring persons who have no Federal claim into this Court under the guise of a collective action so they can pursue State law claims that they can only bring on their own and not collectively.

*Foster v. The Food Emporium,* No. 99 Civ. 3860 (CM), 2000 U.S. Dist. LEXIS 6053, at *8-9 (S.D.N.Y. Apr. 26, 2000); *see also De La Cruz v. Gill Corn Farms, Inc.,* No. 03-1133, 2005 U.S. Dist. LEXIS 44675, *23-24 (N.D.N.Y. Jan. 25, 2005).

Plaintiffs' maneuver is impractical and unfair. Thus, any individual who fails to opt out of the Rule 23 class upon receiving notice could very well have their FLSA cause of action extinguished if they merely throw their class action notice in the trash. *De La Cruz v. Gill Corn Farms, Inc.,* No. 03-1133, 2005 U.S. Dist. LEXIS 44675, *23-24 (N.D.N.Y. Jan. 25, 2005) (denying class certification because "the Court feels that [employees'] rights are not adequately protected by employing a class procedure whereby they will automatically waive their right to pursue liquidated damages [available under the FLSA, but not the NYLL] by failing to opt out . . . that is, by doing nothing."). *See also, Chao v. One-A-Med. Servs., Inc.,* 346 F.3d 908, 921-23 (9th Cir. 2003), *cert denied,* 541 U.S. 1030 (2004); *Gonzalez v. City of New York,* 396 F. Supp. 2d 411, 423 (S.D.N.Y. 2005); *Tran v. LeFrench Baker, Inc.,* 1995 U.S. Dist. LEXIS 8371, at *7 (N.D. Cal. 1995).

The above problem is offensive to the structure of the FLSA, which reflects the judgment of Congress that FLSA rights should not be surrendered without court approval. Placing putative plaintiffs in the position of losing their rights by doing nothing is directly counter to the usual requirement that a FLSA plaintiff affirmatively indicate an intention to relinquish FLSA rights, as in a court-supervised release. *See* 29 U.S.C. § 216(c) (expressly prohibiting settlement of an FLSA claim for unpaid wages or overtime without the supervision of the Secretary of Labor, or pursuant to a judicially supervised stipulated settlement). Nonetheless, Plaintiffs' motion would have the Court create an extraordinary extension of its pendent jurisdiction so as to be complicit in the Plaintiffs' attempts to expand this lawsuit ten-fold at the likely expense of putative FLSA plaintiffs forfeiting their rights.

Whether the Court decides to exercise its supplemental jurisdiction over Plaintiffs' state law class action is within the Court's discretion. 28 U.S.C. § 1367(c); *Cano v. Four M Food*

*Corp.*, No 08-CV-3005 (JFB) (AKT), 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009). We respectfully submit that the Court should exercise its discretion to deny Plaintiffs' Rule 23 motion.

## II.    The Court Must Deny Plaintiffs' Motion For Failure to Meet Requisite Elements for Rule 23 Class Certification

Even assuming, *arguendo,* that the Court was willing to extend its supplemental jurisdiction, the Court would still have to deny Plaintiffs' class certification motion for failure to meet the requisite elements for Rule 23 class certification.

### A.    *Standard for Class Certification*

The class-action device is an exception to the usual rule that litigation is conducted by and on behalf of the named parties only. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982). Rule 23(a) sets out the prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). *See also Heerwagen v. Clear Channel Communs*, 435 F.3d 219, 225 (2d Cir. 2006) and *White v. First American Registry*, 230 F.R.D. 365, 366 (S.D.N.Y. 2005).

In *Gen. Tel. Co. of the Southwest. v. Falcon*, 457 U.S. 147, 160 (1982), the Supreme Court held that the prerequisites to a class action under Rule 23(a) cannot be presumed. Rather, a "rigorous analysis" is required. *Id.* at 161. Courts have been generally strict in their application of the Rule 23(a) criteria. *Sheehan v. Purolator, Inc.*, 839 F.2d 99, 103 (2d Cir. 1988).

In addition to satisfying the above requirements, a class action may be maintained only if it qualifies under at least one of the categories provided in Rule 23(b). *See, e.g., Velez v. Novartis Pharmaceuticals Corp.,* 244 F.R.D. 243, 256 (S.D.N.Y. 2007). Plaintiffs have moved to certify their claims under Rule 23(b)(3) only. Pl. Br. at 17-19. According to Rule 23(b)(3), a class action may be maintained where:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3). *See also Heerwagen*, 435 F.3d at 225-26. The Court must also be satisfied that class counsel will fairly and adequately represent the interests of the class. Rule 23(g).

It is Plaintiffs' burden to prove, by a preponderance of the evidence, that <u>each</u> of the class certification requirements have been met. *In re IPO Sec. Lit.*, 471 F.3d 24, 50 (2d Cir. 2006); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). Failure to prove any element precludes certification. *Ansari v. New York University*, 179 F.R.D. 112, 114 (S.D.N.Y. 1988). *See also Pyke v. Cuomo*, 209 F.R.D. 33, 40 (N.D.N.Y. 2002); *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). While failure to prove <u>*any*</u> of the Rule 23(a) requirements will doom certification, Defendants respectfully submit that Plaintiffs' motion fails as to several of the requirements.

The Court should take careful note of the evidence supporting Plaintiffs' motion. Thus, for example, the five declarations Plaintiffs filed in support of their motion are the *exact same five* declarations they filed almost two years ago seeking to conditionally certify a collective action under the FLSA even though the burden for FLSA conditional certification is far lighter

than the burden for Rule 23 class certification. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *Kane v. Gage Merchandising Servs., Inc.*, 138 F. Supp. 2d 212, 213-14 (D. Mass. 2001); *Morisky v. Public Service Elec. & Gas Co.*, 111 F. Supp. 2d 493, 296-99 (D.N.J. 2000). Likewise, the declarations themselves are "cookie-cutter" and contain not only *several paragraphs, but pages* that are virtually identical. *See supra* (detailing "cookie cutter" affidavits). For these reasons alone the Court should deny Plaintiffs' motion for Rule 23 class certification as unsubstantiated.

Accordingly, the Court should deny Plaintiffs' motion.

**B.** **Plaintiffs' Claim Does Not Meet the Requirements of Rule 23(a)(1) Because Plaintiffs Cannot Show Numerosity**

**1.** **Plaintiffs Present No Evidence That Joinder Is Impracticable**

For a court to certify a class, it must find that the numerosity of injured persons makes joinder of all class members "impracticable." For the Court to determine whether this numerosity requirement has been met, Plaintiffs must show some evidence of, or reasonably estimate, the number of class members. *LeGrand v. New York City Transit Auth.*, 95-CV-0333 (JG), 1999 U.S. Dist. LEXIS 8020, *8 (E.D.N.Y. May 26, 1999). A court "should not merely rubberstamp plaintiff's assertion of numerosity". *Elkins v. American Showa, Inc.*, 219 F.R.D. 414, 420 (S.D. Ohio 2002).

Plaintiffs' cookie cutter verbatim affidavits provide no evidence respecting the number of potential class members. Only in Plaintiffs' brief is there the unsubstantiated assertion that "the proposed class exceeds 200 members." Pl. Brief at 12. This is insufficient for Plaintiffs to meet their burden of demonstrating numerosity. For example, in *Lewis v. National Financial Systems, Inc.*, Civ. No. 06-1308 (DRH)(ARL), 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007), the court denied Rule 23 class certification under the exact same circumstances where there was

- 13 -

no evidence of the size of the class. *Id.* at 22-23; *see also Velez v. Majik Cleaning Serv. Inc.*, 03 Civ. 8698, 2005 U.S. Dist. Lexis 709, *8 (S.D.N.Y. 2005) (*quoting Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 89 (E.D.N.Y. 2001) ("Where the plaintiff's assertion of numerosity is [based on] pure speculation or bare allegations, the motion for class certification fails."). Where as here, the Plaintiffs fail to show numerosity, the Court need not even consider whether the Plaintiffs can meet their burdens respecting the other Rule 23 requirements for class certification. *Id.* at *8.

Fortunately for Plaintiffs, PAC respectfully submits that there are 275 individuals in the putative Rule 23 class, Chiovaro Dec., ¶ 2, which suggests numerosity, but for the reasons below, Plaintiffs still fail to meet the other requirements of Rule 23(a)(1) for class certification.

### 2.    Plaintiffs Do Not Otherwise Prove Impracticality of Joinder

Class certification should be denied because Plaintiffs also cannot meet their burden of proving impracticability of joinder. "Rule 23 (a)(1) is not a numerosity requirement in isolation . . . [i]n reality . . . Rule 23(a)(1) is an impracticability of joinder requirement, of which class size is an inherent consideration within the rationale of joinder concepts." 1 A. Conte & H. Newberg, Newberg on Class Actions § 3.03 (4th ed. 2002).

When determining whether joinder is impracticable under Rule 23(a)(1), courts look at factors including judicial economy, geographic dispersement of class members, size of individual claims, financial resources of class members, ability of claimants to institute individual suits, and requests for prospective injunctive relief involving future class members. Newburg on Class Actions, at § 3.06; *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993); *LeGrand v. New York City Transit Auth.*, 95-CV-0333 (JG), 1999 U.S. Dist. LEXIS 8020 , *4

(E.D.N.Y. May 26, 1999); *Primavera Familienstiftung v. Askin,* 178 F.R.D. 405, 410 (S.D.N.Y. 1998).

The cookie cutter affidavits in support of Plaintiffs' motion fail to provide the Court with **_any_** evidence to establish the existence of additional circumstances supporting their claim of impracticality of joinder and, thus, have failed to establish numerosity under Rule 23(a). *Kempner v. Town of Greenwich,* 249 F.R.D. 15, 19 (D. Conn. 2008). Indeed, none of Plaintiffs' evidentiary submissions even suggest that Plaintiffs have attempted to obtain joinder of additional plaintiffs with NYLL claims since this lawsuit was filed more than two years ago.

### 3.   There Is No Evidence that Joinder is Difficult To Accomplish or Inefficient

There is no evidence that joinder of the proposed class members into a consolidated action would be difficult to accomplish, or that this method of adjudication would be any less efficient than class certification in resolving the disputed state law claims. "Without such a showing, [plaintiff] cannot satisfy the judicial economy factor." *Deen v. New School University,* 05 Civ. 7174 (KMW), 2008 U.S. Dist. LEXIS 7846, *8 (S.D.N.Y. Feb. 4, 2008) (holding that class certification of approximately 110 individuals would not promote judicial economy); *see also Primavera,* 178 F.R.D. at 405 (denying class certification in a case involving a proposed class of approximately 118 members where plaintiff failed to show the benefit of class certification as opposed to joinder in terms of promoting judicial economy).

There is no evidence that joinder of the proposed class members should be unduly difficult or even less efficient than class certification. *See Deen,* 2008 WL 331366, at *3. Here, if Plaintiffs do not have them already, PAC could supply Plaintiffs' counsel with the names and addresses of all the potential class members (as it has already did respecting potential FLSA plaintiffs). "Knowledge of names and existence of members has been called the 'most

important' factor, precisely because it renders joinder practicable." *Primavera Familienstiftung v. Askin,* 178 F.R.D. 405, 410 (S.D.N.Y. 1998) (*quoting Giullari v. Niagara Falls Memorial Medical Center,* No. 96 Civ. 0271, 1997 WL 65862 at *3 (W.D.N.Y. Feb. 5, 1997)). There is no reason why Plaintiffs could not contact potential class members to propose that they join the instant action. There is no reason to doubt that "[p]laintiffs will be equally able to pursue their suits if their claims are joined as they would be were a class to be certified." *Universal Calvary Church v. City of New York,* 117 F.R.D. 181, 183 (S.D.N.Y. 1998) (denying certification when named plaintiff knew identities of every potential plaintiff).

This also is not a case where individual members of the putative class have filed or have threatened to file their own actions. On the contrary, more than two years have gone by since Plaintiffs filed this suit, and no other class member has initiated his own New York wage and hour administrative claim or lawsuit against PAC. Chiovaro Dec., ¶ 4. In short, "there is no evidence that permitting this suit to go forward as a class action is necessary to avoid a multiplicity of redundant lawsuits." *Ansair v. New York University,* 179 F.R.D. 112, 115 (S.D.N.Y. 1998) (*citing Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993)).

### 4.    There is No Evidence that the Putative Class is Geographically Dispersed

Where putative class members are geographically dispersed, joinder becomes more difficult. To show that putative class members are geographically dispersed, Plaintiffs must demonstrate that they reside in such disparate locations that joinder of all members into a single action would be impracticable. *Deen v. New School University,* 05 Civ. 7174 (KMW), 2008 U.S. Dist. LEXIS 7846, *8 (S.D.N.Y. Feb. 4, 2008). Again, Plaintiffs' cookie cutter affidavits do not address their burden respecting this Rule 23 prerequisite.

In *LeGrand*, 1999 LEXIS at *8-9, the court held, in denying class certification, that plaintiffs failed to establish that their putative class was so numerous that joinder of all members would be impracticable even though plaintiffs defined the class to include approximately 100 women. In making that determination, the court relied, in part, on the fact that the prospective class members were not geographically dispersed because they all worked and lived within New York City. *Id.* at *9; *see also Universal Calvary Church v. City of New York*, 177 F.R.D. 181, 183 (S.D.N.Y. 1998) (finding joinder not impracticable when class members substantially lived and worked within New York City and Nassau County); *Moore v. Trippe*, 143 F.Supp. 201, 211 (S.D.N.Y. 1990) (finding no geographic dispersion and denying certification where members resided in "the Metropolitan New York area"). Here, Plaintiffs have not met their Rule 23(a)(1) burden because they have not identified the residency of *any* of the class members.

Unlike an employer with a national presence or multiple physical locations, PAC is a single restaurant in Manhattan. Not surprisingly, the waiters live within commuting distance of the restaurant and the courthouse. PAC's records indicate that over 87% of the putative class of waiters reside within the five boroughs of New York City, and most of the others also live close by. Chiovaro Aff., ¶ 3. Accordingly, joinder is more than possible. In this regard, PAC respectfully submits that the Court should follow *Rahman v. The Smith & Wollensky Restaurant Group, Inc.,* 06 Civ. 6198, Slip. Op. (July 1. 2009), attached to the Paraskevas-Thadani Dec. as Exhibit D, and deny Rule 23 class certification. In the *Rahman* case the plaintiff sought to certify a class of restaurant employees who were allegedly the victims of discrimination ***at the same restaurant as in the case at bar***. Upon review the Court found that:

> the prospective class members are not geographically dispersed.
> Indeed, according to the last addresses known to PAC, 80% of the
> individuals identified by Mr. Rahman reside within the five

boroughs of New York City. Thus, this factor also suggests the practicability of joinder.

*Rahman,* Slip Op. at 39-40 (cites omitted) (report and recommendation denying class certification). *See also, Rahman v. Smith & Wollensky*, 06 Civ. 6198, Slip. Op. (July 20. 2009), attached to the Paraskevas-Thadani Dec. as Exhibit E (Judge Kaplan's order confirming Magistrate Judge Francis' report and recommendation to deny class certification).

Accordingly, Plaintiffs have not met their burden, and the Court should deny Rule 23 class certification. *Deen,* 2008 U.S. Dist. LEXIS at *10 (*citing Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85, 89 (E.D.N.Y. 2001) (plaintiffs' numerosity showing cannot be based on "pure speculation or bare allegations.")). 5 Moore's Federal Practice §23.60 ("[A] class action must satisfy each of the requirements of rule 23, and the plaintiff must plead more than a single reiteration of those requirements in conclusory allegations.").

### C. *Plaintiffs' Motion for Class Certification Must Be Denied Because Plaintiffs' Claims Do Not Meet the Rule 23(b)(3) Requirements*

To be certified as a class action the Plaintiffs must not only meet the standards set forth in Rules 23(a) and (g)[9], but also must meet their burden of obtaining certification under one of the Rule 23(b) categories. *See Velez v. Novartis Pharmaceuticals Corp.,* 244 F.R.D. 243, 256 (S.D.N.Y. 2007). To meet their burden under Rule 23(b)(3), Plaintiffs must demonstrate predominance and superiority. Plaintiffs' motion for class certification meets neither Rule 23(b)(3) requirement.

---

[9] For purposes of this memorandum, Defendants are not addressing Plaintiffs' difficulties in meeting their burdens pursuant to Rule 23(a)(2), (3) and (4) and Rule 23(g).

### 1.    There Is No Evidence That Class Issues Predominate Over Individual Questions

Plaintiffs do not explain is that Rule 23(b)(3)'s predominance requirement is "more stringent" and "far more demanding than" the commonality requirement of Rule 23(a).  *Maneely v. City of Newburgh,* 208 F.R.D. 69, 76 (S.D.N.Y. 2002) (*quoting Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 623-24 (1997)) (other citation omitted).  Even assuming, *arguendo,* that Plaintiffs' motion could survive Rule 23(a)(1) analysis, it cannot pass muster under Rule 23(b)(3).

Predominance is shown if the issues in the purported class action are subject to some "generalized proof" and predominate over those individuals subject to individualized proof.  *In re Top Tankers, Inc. Sec. Litig.,* 06 Civ. 13761 (CM), 2008 U.S. Dist. LEXIS 58106 (S.D.N.Y. July 31, 2008) citing *In re Visa Check/MasterMoney Antitrust Lit.,* 280 F.3d 124, 136 (2d Cir. 2001).  This conclusion cannot be reached when Plaintiffs submitted only cookie cutter affidavits of limited detail.  *See, e.g., Harris v. Initial Sec., Inc.,* 2007 WL 703868, *4-5 (S.D.N.Y. 2007) (denying certification; calling six affidavits detailing the discriminatory practice of the employer "self-serving" and "anecdotal evidence," and "insufficient to bridge the wide gap between Plaintiffs' own allegations that they were subjected to discrimination and the existence of a class of black employees who have suffered the same alleged injury as Plaintiffs.").  *See also DaMassia,* 250 F.R.D. at 159-160; *Mendoza v. Casa De Cambio Delgado, Inc.,* 07-CV-2579 (HB), 2008 U.S. Dist. LEXIS 27519, *6-7 (S.D.N.Y. Apr. 7, 2008).  Although seeking a class dating from January 4, 2002 to the present, Plaintiff's evidentiary submissions (and, in particular, Plaintiff's declarations) do not relate to the period 2002 through 2005.  Likewise, Plaintiffs' submissions do not contain any factual assertions respecting alleged violations of "spread of

hours" violations (Count Six), such as an allegation that PAC failed to pay waiters an extra hour's pay if they worked longer than ten hours.[10]

Not only are Plaintiffs' factual assertions respecting the predominance requirement lacking evidentiary support, but predominance cannot be shown as a legal matter. As noted, Plaintiffs' state law claims do not "mirror" the federal law overtime claims of the current 22 FLSA plaintiffs. *See supra.* If granted, Plaintiffs' motion would very likely create a class of over 275 NYLL plaintiffs, which would predominate over the existing FLSA claims of the 22 FLSA plaintiffs. Moreover, the NYLL claims of the newly created class will not be subject to "generalized proof" respecting alleged impermissible NYLL tip sharing and spread of hours violations. Indeed, the attachment of several NYS Department of Labor opinion letters to Plaintiffs' moving papers demonstrates that Plaintiffs' NYLL claims present unique legal issues that are subject to individualized proof and that differ substantially from proof necessary for the Plaintiffs to prove their FLSA minimum wage and overtime claims.[11]

Indeed, the *sui generis* issues arising under the NYLL are such that Plaintiffs' counsel's brief incorrectly states the current policies of the New York State Department of Labor respecting application of the NYLL. Thus, Plaintiffs' brief states that:

---

[10]    Plaintiffs' counsel submitted a declaration containing an exhibit supposedly related to the issue, but the probative value of the exhibit was unclear. Kadushin Dec., Ex. M.

[11]    Moreover, claims arising out of New York Labor Law section § 196-d (improper deductions from gratuities) are most commonly heard by the New York State Industrial Board of Appeals. This Board adjudicates petitions for review of compliance, penalty and interest orders issued by the Commissioner of Labor. Accordingly, there is no body of state court law upon which this Court could reasonably rely in deciding plaintiffs' claims. Where novel and complex issues of state law do not appear to have been resolved by the state courts, as is the case here, the district court should decline to exercise supplemental jurisdiction. *Nevares v. Captain Louis Morrissey*, No. 95 Civ. 1135, 1998 U.S. Dist. LEXIS 7680 (S.D.N.Y. May 22, 1998). This is especially true where the claims involve interpretation of a New York State statute, which is a task best left to the state courts. *Id.* at *28; *see also Cunningham v. Local 30*, 234 F. Supp. 2d 383 (S.D.N.Y. 2002) (declining supplemental jurisdiction over state law that had not been explored in any depth by New York State courts). The fact that plaintiffs' gratuities claim raises novel state-law issues, this Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claim.

> Park Avenue's mandatory tip-pooling system is exactly the type of system that Section 196-d was designed to prohibit. The Tip Guidelines provide that it is a violation of Section 196-d for an employer to impose *any* tip-pooling arrangement on tipped employees.

Pl. Br. at 7 *citing,* "Tip Guidelines" at 1 (appended to the "Kadushin Dec." as Exhibit G) (emphasis supplied).

The above is incorrect. A review of Section 196-d of the Labor Law shows that it does not speak at all to the issue of a tip pooling system. While the "Tip Guidelines" Plaintiff's counsel relies upon appear to prohibit employer initiated tip pooling, the fact is that the "Tip Guidelines" were published in 1972. *See* "Kadushin Dec," Exhibit G. On November 5, 2009, the current Labor Commissioner M. Patricia Smith issued an Order (the "November 5, 2009 Order") now in effect "to change existing department policy by allowing employers to require tip pooling." *See* Paraskevas-Thadani Dec., Ex. F, page 2. The November 5, 2009 Order also modifies the NYSDOL's practices respecting the potential penalties for alleged tip pooling and "spread of hours" violations. *Id.* In other words, the Commissioner's November 5, 2009 wage order calls into question the viability of Count Five of the Complaint and, at the very least, demonstrates that the issues relating to the tip pooling and spread of hours under the NYLL are not subject to "generalized proof" such that claims of the proposed Rule 23 class can be easily adjudicated with the Plaintiffs' FLSA minimum wage and overtime claims.

Plaintiffs' submissions to this Court do not begin to suggest predominance and, therefore, Plaintiffs' motion for Rule 23 class certification should be denied.

### 2.    A Class Action is Not the Superior Method for the Putative Plaintiffs to Adjudicate Their State Law Wage Claims

For the reasons discussed above, this case also fails to meet the superiority requirement of Rule 23(b)(3). Plaintiffs have not demonstrated that a class action is the superior mechanism

for this case to proceed respecting the state law overtime claims since they have failed to demonstrate even the existence of a Rule 23 class. *See supra.* Moreover, as explained, *supra,* Plaintiffs cite no reason (nor is there any) for why Plaintiffs could not contact potential NYLL class members to propose that they join the instant action to assert their NYLL claims by joinder. Accordingly, the Court should deny Plaintiffs' motion for Rule 23 class certification.

## CONCLUSION

For the reasons detailed above, Defendants respectfully request that the Court deny Plaintiffs' motion for class certification and grant such other and further relief as the Court deems just and proper.[12]

Dated: New York, New York  
       January 6, 2010

Respectfully submitted,

_____/S_____

A. Michael Weber  
Gregory B. Reilly, III  
Elena Paraskevas-Thadani  
Attorneys for Defendants  
900 Third Avenue, 8th Floor  
New York, New York  10022.3298  
212.583.9600

---

[12] In the unlikely event the Court finds that Rule 23 class certification is appropriate in this instance, the Defendants respectfully request the opportunity to comment on Plaintiffs' proposed notice, or that the parties be ordered to confer on the substance of the Notice. The Plaintiffs' proposed notice is problematic in several respects. For example, it does not provide that Defendants' deny any wrong doing, it gives potential class members only 45 days, to opt-out, it does not provide for an addressed, postage pre-paid envelope to opt-out, it does not inform putative class members that if they do not opt out, they may waive their right to proceed individually, etc. Defendants would like the opportunity to confer with opposing counsel and address these and other defects in the notice.