Matthew D. Kadushin (MK 1968)
Joseph, Herzfeld, Hester and Kirschenbaum LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548
matthew@jhllp.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

SALIM SHAHRIAR, MUHAMMAD
ISLAM, AND MARY HARVEY on behalf
of themselves and all others similarly
situated,

                                                **INDEX NO: 08 CIV. 057(MGC)**

          Plaintiffs,

    v.

**SMITH & WOLLENSKY RESTAURANT**
**GROUP, INC. d/b/a PARK AVENUE**
**RESTAURANT AND FOURTH WALLS**
**RESTAURANTS LLC, d/b/a PARK**
**AVENUE RESTAURANT,**
------------------------------------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS**

**CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

LEGAL ARGUMENT ..............................................................................................3

    I.    Class Certification Would Not Be an "Abuse of Supplemental Jurisdiction" ........................................................................3

    II.    Plaintiffs Have Satisfied the Rule 23 Requirements For Certifying a Class ..............................................................................6

        A. The Class Satisfies Numerosity And Joinder Would be Impracticable .......................................................6

        B. Issue Common to the Class Predominate Over Individual Questions ........................................................................8

            1. Plaintiffs' Evidence Supports Certification ..............................9

            2. Common Issues Predominate ....................................................9

        C. A Class Action is the Superior Method ...........................................10

IV. CONCLUSION ..................................................................................................10

## **TABLE OF AUTHORITIES**

*Alcantara v. CNA Mgmt.*, 08 Civ. 00291 (BSJ), 2009 U.S. Dist. LEXIS 114612 (S.D.N.Y. Dec. 8, 2009) ................................................................................................ 9

*Ansari v. New York Univ.*, 179 F.R.D. 112 (S.D.N.Y. 1998) ........................................................ 8

*Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) ............................. 2, 9

*Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998), *aff'd*, 1999 U.S. App. LEXIS 34235 (2d Cir. Dec. 23, 1999) ............................................................................... 6

*Chu Chung v. New Silver Palace Rest.*, 272 F. Supp. 2d 314 (S.D.N.Y. 2003) ........................... 6

*Cohen v. Gerson Lehrman Group*, 09 Civ. 4352 (PKC), 2010 U.S. Dist. LEXIS 1666 (S.D.N.Y. Jan. 6, 2010) ................................................................................................... 5

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir.), *cert. denied*, 115 S. Ct. 2277 (1995) .......................................................................................................... 6

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008) ...................................... 3, 4, 5

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) ..................................................... 5

*Deen v. New Sch. Univ.*, 05 Civ. 7174 (KMW), 2008 U.S. Dist. LEXIS 7846, *12-13 (S.D.N.Y. Feb. 1, 2008) ................................................................................................. 8

*De La Cruz v. Gill Corn Farms, Inc.*, 03-CV-1133, 2005 U.S. Dist. LEXIS 44675 (S.D.N.Y. Jan. 25, 2005) ................................................................................................. 5

*Fowler v. Scores Holding Co.*, 08 Civ. 7796 (VM), 2009 U.S. Dist. LEXIS 122191 (S.D.N.Y. Dec. 28, 2009) ............................................................................................... 6

*Frederick v. Dreiser Loop Supermarket Corp.*, 06 Civ. 15341 (AKH), 2008 U.S. Dist. LEXIS 86138 (S.D.N.Y. Oct. 24, 2008) ..................................................................... 9, 10

*Gardner v. Western Beef Properties, Inc.*, 07-cv-2345, 2008 U.S. Dist. LEXIS 47027 (E.D.N.Y. June 16, 2008) .............................................................................................. 5

*Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 04 CV 22 (SLT) (AKT), 2008 U.S. Dist. LEXIS 27598, at *24-25 (E.D.N.Y. Mar. 31, 2008) ..................................................... 4

*Gortat v. Capala Bros.*, 07-CV-3629(ILG)(SMG), 2009 U.S. Dist. LEXIS 101837 (E.D.N.Y. Oct. 16, 2009) ............................................................................................... 7

*Guzman v. VLM, Inc.*, 07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) ......... 4

*Harris v. Initial Sec., Inc.*, 05 Civ. 3873 (GBD), 2007 U.S. Dist. LEXIS 18397 (S.D.N.Y. Mar. 7, 2007) ......... 9

*Heng Chan v. Triple 8 Palace, Inc.*, 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 31, 2006) ......... 6

*Heng Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007) ......... 6

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ......... 3, 4, 10

*Jankowski v. Castaldi*, 01-cv-0164 (SJF)(KAM), 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11, 2006) ......... 7

*Krichman v. J. P. Morgan Chase & Co.*, 06 cv 15305, 2008 U.S. Dist. LEXIS 99481 (S.D.N.Y. Dec. 8, 2008) ......... 5

*Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706 (S.D.N.Y. 2007) ......... 6

*Nevares v. Morrissey*, 95 Civ. 1135 (JGK), 1998 U.S. Dist. LEXIS 7680 (S.D.N.Y. May 19, 1998) ......... 6

*Marquis v. Tecumseh Prods. Co.*, 206 F.R.D. 132 (E.D. Mich. 2002) ......... 5

*Mendoza v. Casa De Cambio Delgado, Inc.*, 07CV2579 (HB), 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. Apr. 7, 2008) ......... 9

*Mendoza v. Casa De Cambio Delgado*, 2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. Aug. 12, 2008) ......... 9

*Ouedraogo v. Durso Assocs.*, 03 CV 1851 (RLC), 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005) ......... 3

*Prasker v. Asia Five Eight LLC*, 08 Civ. 5811 (MGC), 2010 U.S. Dist. LEXIS 1445 (S.D.N.Y. January 4, 2010) ......... 1, 7, 8

*Primavera Familienstiftung v. Askin*, 178 F.R.D. 405 (S.D.N.Y. 1998) ......... 7, 8

*Rahman v. Smith & Wollensky Rest. Group*, 06 Civ. 6198, Slip Op. (S.D.N.Y. July 1, 2009) ......... 8

*Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (N.D.N.Y. 2008) ......... 9

*Ting Yao Lin v. Hayashi Ya II, Inc.*, 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963 (S.D.N.Y. Jan. 30, 2009) .................................................................................. 6

*Universal Calvary Church v. City of New York*, 177 F.R.D. 181 (S.D.N.Y. 1998) ) .................... 8

## **Statutes**

28 U.S.C. § 1367(a) ........................................................................................................ 3

N.Y. Lab. Law § 196(d) ............................................................................................... 6, 8

29 U.S.C. § 201 *et. seq.* ......................................................................................... *passim*

29 U.S.C. § 203(m) ........................................................................................................ 6

Plaintiffs submit this reply memorandum in response to Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition" or "Opp.") and in further support of Plaintiffs' Motion for Class Certification of Their State Law Claims under Federal Rule of Civil Procedure 23 ("Motion" or "Mot.").

## Preliminary Statement

Attempting to generate enough smoke to mask the absence of valid substantive arguments, Defendants attack the class action process in general raising arguments that repeatedly have been rejected by courts in the Second Circuit. Defendants also snidely accuse Plaintiffs' counsel of "leading the charge" in the current "epidemic of wage and hour class action lawsuits against Manhattan restaurants." (Opp. at 2) However, there is nothing shameful in taking up the cause of disadvantaged workers where, as here, they have suffered from their employers' refusal to properly pay them for the hours worked, misappropriation of their tips, and other abuses of the wage-hour laws. Indeed, this Court has noted, "[w]here relatively small [wage-hour] claims can only be prosecuted through aggregate litigation, "private attorneys general" play an important role." *Prasker v. Asia Five Eight LLC*, 08 Civ. 5811 (MGC), 2010 U.S. Dist. LEXIS 1445, at *17 (S.D.N.Y. January 4, 2010) (Cedarbaum, J.) (citing *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 338-39 (1980)). If not for these "private attorneys general" "willing to take on the risk," "wage and hour abuses would go without remedy." *Id.* Notably, Defendants do not -- and cannot -- claim that any restaurant action filed by Plaintiffs' counsel has ever been found to have been frivolously filed.

As for Defendants' assault on the availability of class actions in cases that also assert FLSA claims and their disingenuous concern about the rights of putative plaintiffs -- the

argument has been thoroughly rejected.[1] The class action procedure serves a particularly valuable purpose for cases such as this one where relatively small wage-hour claims are brought by people who lack the financial resources to individually pursue their claims.[2]

Furthermore, Defendants' accusation that Plaintiffs have requested that the Court simply "rubberstamp" their motion (Opp. at 3-4) is absurd. While Plaintiffs have pointed out the abundance of cases that certified both a Rule 23 class for NYLL claims and a collective action for FLSA claims (Mot. at 10 n.34), they also submitted five declarations, more than forty pages of deposition testimony and more than thirty pages of payroll records. Plainly, this level of evidentiary support lends itself to the necessary analysis of Plaintiffs motion. The evidence also shows that this case falls in line with the many others where Rule 23 certification has been granted.

For their substantive arguments, Defendants offer the following unpersuasive reasons for declining certification: that (1) the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, despite the fact that those claims arise from the same facts and circumstances and rely principally upon the same evidence as the FLSA claims; (2) joinder is not impracticable and numerosity is not satisfied despite the fact that Defendants acknowledge there are 275 members in the putative class because; (3) predominance is not satisfied because Plaintiffs' state law claims "predominate" over their FLSA claims and because Plaintiffs submitted declarations from their 216(b) motion; and (4) a class action is not superior because joinder is not impracticable.

---

[1] Not surprisingly, Defendants rely predominantly upon courts from outside the Second Circuit in support of this argument. (Opp. at 4-5)

[2] *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 91 (S.D.N.Y. 2001) ("Rather than have their claims brought in different courts and in a multiplicity of proceedings, or not brought at all because of the expense and burden on each individual litigant, the class action device was developed as a fairer and more efficient procedure for presenting and resolving similar claims.").

Plaintiffs' motion seeking Rule 23 class certification of their NYLL claims should be granted.

## Legal Argument

### I. CLASS CERTIFICATION WOULD NOT BE AN "ABUSE OF SUPPLEMENTAL JURISDICTION."

In their FLSA claims, Plaintiffs allege that Defendants (1) took an improper tip credit and failed to pay them the federal minimum wage, and (2) as a result of applying the wrong minimum wage, failed to provide them overtime pay. *See* 29 U.S.C. § 203(m) (tip credit does not apply where employer regulated employees to share tips with non-tipped employees). In their NYLL claims, Plaintiffs allege that Defendants (1) took an improper tip credit and failed to pay them the New York minimum wage, (2) failed to provide them with overtime pay, (3) misappropriated servers' tips, and (4) failed to provide spread of hours pay when a server's workday was longer than ten hours. There is no question that Plaintiffs' FLSA and NYLL claims "are essentially the same and arise out of the same alleged conduct of the defendants." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 375 (S.D.N.Y. 2007).

Section 1367(a) provides that district courts with original jurisdiction over a claim "shall have" supplemental jurisdiction over state law claims that are part of the "same case or controversy." 28 U.S.C. § 1367(a). Thus, the Court certainly has supplemental jurisdiction over the state law claims of the FLSA opt-ins. Nevertheless, Defendants seem to believe that it is preferable for the putative class members who have not opted into this action to bring their identical claims in state court. "[I]t would 'ill serve the interests of convenience or judicial economy to relitigate in state court the defendants' pay practices.'" *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 162-63 (S.D.N.Y. 2008) (citation omitted).[3]

---

[3] *See also Ouedraogo v. Durso Assocs.*, 03 CV 1851 (RLC), 2005 U.S. Dist. LEXIS 11954, at *6 (S.D.N.Y. June 16, 2005) ("Ultimately, Jallow's state law claims share too many common threads with the other plaintiffs'

Moreover, Defendants' chief argument for declining supplemental jurisdiction is one that courts in this district have rejected numerous times -- that Plaintiffs' state law claims predominate because the putative class outnumbers the FLSA opt-ins. In *Damassia*, the court aptly explained:

> [D]efendants' concern about the exercise of supplemental jurisdiction where the number of state law claimants outnumber the federal law claimants is unwarranted. It is true that if a class is certified, there would likely be more NYLL claimants than FLSA claimants, since only about 10% of those eligible for the FLSA collective action have opted in . . ., while far more class members would likely choose to remain in a class action under the NYLL. But while a federal court may decline to exercise supplemental jurisdiction where a state law claim "substantially predominates" over the federal claims, such predominance refers to the type of claim, not the number of claimants.

250 F.R.D. at 162 (citations omitted).[4]

Defendants' assertions about the "offensive[ness]" of a class action being brought together with a FLSA collective action and their disingenuous concern about the possibility of class members losing their right to bring individual suits have been addressed and rejected by courts in the Second Circuit.

> [T]he disadvantages of a class action advanced by [the defendant] really only affect those potential class members who desire to opt out of the class action, but who fail to do so for some reason, such as a failure to receive notice, or to understand the substance and requirements of that notice. . . . In any event, a collective action entails similar but converse disadvantages, insofar as there will be potential collective action

---

federal claims for them to be separated from one other. As such, the court concludes that the exercise of supplemental jurisdiction, including pendant party jurisdiction, over Jallow's state law claims is appropriate.").

[4] *See also Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 04 CV 22 (SLT) (AKT), 2008 U.S. Dist. LEXIS 27598, at *24-25 (E.D.N.Y. Mar. 31, 2008) (finding defendants' contention that exercise of supplemental jurisdiction would "allow 'a federal tail to wag what is in substance a state dog'" to be without merit); *Guzman v. VLM, Inc.*, 07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821, at *28-29 (E.D.N.Y. Mar. 2, 2008) (rejecting fact that "few plaintiffs had opted into the FLSA action as a reason to decline sup mental jurisdiction; " I find that the values of judicial economy, convenience, and fairness all favor exercising supplemental jurisdiction, and I do not find comity concerns to be strongly implicated."); *Iglesias-Mendoza*, 239 F.R.D. at 375 (District courts in this circuit "have unflinchingly certified FLSA and New York Labor Law claims together without so much as noting the inherent size disparities.").

> participants who fail to opt in for reasons of insufficient notice, and thereby lose out on an opportunity to participate in the rewards of a successfully litigated claim. . . . . Indeed, it may be that in the wage claim context, "the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action," insofar as "many employees will be reluctant to participate in the action due to fears of retaliation."

*Damassia*, 250 F.R.D. at 163.[5]

Because of the close factual and legal nexus of Plaintiffs' FLSA and state wage-hour claims, this case bears no resemblance to unusual situations like *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) (Opp. at 9), where the vagaries of Pennsylvania wage-hour law necessitated "different terms of proof" than the plaintiffs' FLSA claims.[6] Defendants' other citations are similarly inapposite.[7]

In a footnote, Defendants cursorily argue that supplemental jurisdiction should be declined because "plaintiffs' gratuities claim raises novel state-law issues." (Opp. at 20 n.11). Plaintiffs' "gratuities claim" alleges that Defendants violated Section 196-d by forcing them to share their

---

[5] See also *Cohen v. Gerson Lehrman Group*, 09 Civ. 4352 (PKC), 2010 U.S. Dist. LEXIS 1666, at *12-13 (S.D.N.Y. Jan. 6, 2010) ("[T]here is a reasoned line of authority in this circuit supporting the conclusion that separate FLSA and state law classes can be simultaneously certified."); *Krichman v. J. P. Morgan Chase & Co.*, 06 cv 15305, 2008 U.S. Dist. LEXIS 99481, at *8 (S.D.N.Y. Dec. 8, 2008) (same); *Gardner v. Western Beef Properties, Inc.*, 07-cv-2345, 2008 U.S. Dist. LEXIS 47027, at *4 (E.D.N.Y. June 16, 2008) (there is "no support in the legislative history of [the FLSA's opt-in requirements] for defendant's view that, while expressly allowing state overtime regulation to coexist with the federal scheme, Congress intended ... to undermine those coexisting state rights by denying employees access to the tools of the modern class action of today") (collecting cases).

[6] There, the Pennsylvania statute did "not create a right to compensation . . . . rather, it provide[d] a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *Id.* at 309 (citations omitted). Thus, plaintiffs would have to "establish the formation of an implied oral contract." *Id.* "Even then, whether an implied contract may give rise to a claim under the WPCL has never been addressed by the Pennsylvania state courts." *Id.* at 309-10.

[7] See, e.g., *De La Cruz v. Gill Corn Farms, Inc.*, 03-CV-1133, 2005 U.S. Dist. LEXIS 44675, at *7-8, 17 (S.D.N.Y. Jan. 25, 2005) (refusing to exercise supplemental jurisdiction over a class made up of "impoverished, migrant farm workers who likely do not understand English very well, who likely do not have a firm understanding of our legal system, and many of whom are likely to not receive actual notice of the class because they are geographically dispersed in unknown locations, and may not read the widely-dispersed, English-based newspapers" and where there had not been a single opt-in); *Marquis v. Tecumseh Prods. Co.*, 206 F.R.D. 132 (E.D. Mich. 2002) (declining to exercise supplemental jurisdiction over state law class action where named plaintiffs had failed to exhaust their administrative remedies regarding their Title VII claims which gave court its original jurisdiction).

...

tips with management and non-service employees,[8] the *exact same* conduct that Plaintiffs allege violated the FLSA tip credit provisions. *See Heng Chan v. Triple 8 Palace, Inc.*, 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 31, 2006), (noting the similarities and applying similar standards under the FLSA and New York Labor Law with regard to who is eligible to be part of a tip pool). Thus, Courts in this district repeatedly have addressed and resolved similar claims.[9] Not surprisingly, Defendants have not cited to any case that found that a claim under Section 196-d raised "novel and complex" issues nor can they point to any analysis under 196-D that is novel and/or complex.[10]

## II. PLAINTIFFS HAVE SATISFIED THE RULE 23 REQUIREMENTS FOR CERTIFYING A CLASS.

### A. The Class Satisfies Numerosity, And Joinder Would Be Impracticable.

Numerosity is presumed where the putative class has forty or more members. *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.), *cert. denied,* 115 S. Ct. 2277 (1995). Despite the fact that Defendants readily concede that there are "275 individuals

---

[8] Whether the current guidelines permit employers to mandate tip-pooling (*see* Opp. at 20-21) has nothing to do with Plaintiffs' misappropriation claim, which alleges that Defendants forced them to share tips with management and non-service employees, a practice that indisputably violates Section 196-d.

[9] *See, e.g., Fowler v. Scores Holding Co.*, 08 Civ. 7796 (VM), 2009 U.S. Dist. LEXIS 122191, at *21-22 (S.D.N.Y. Dec. 28, 2009); *Ting Yao Lin v. Hayashi Ya II, Inc.*, 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963, at *13-14 (S.D.N.Y. Jan. 30, 2009) (report and recommendation), *adopted by,* 2009 U.S. Dist. LEXIS 15513 (S.D.N.Y. Feb. 26, 2009); *Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706, 710-11 (S.D.N.Y. 2007); *Heng Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 7770, at *55-56 (S.D.N.Y. Feb. 1, 2007); *Chu Chung v. New Silver Palace Rest.*, 272 F. Supp. 2d 314, 316-17 (S.D.N.Y. 2003); *King v. Friend of a Farmer, Corp.*, 97 CV 9264 (BSJ), 2001 U.S. Dist. LEXIS 10630, at *12 (S.D.N.Y. July 25, 2001); *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 307-08 (S.D.N.Y. 1998), *aff'd,* 1999 U.S. App. LEXIS 34235 (2d Cir. Dec. 23, 1999).

[10] In *Nevares v. Morrissey*, 95 Civ. 1135 (JGK), 1998 U.S. Dist. LEXIS 7680 (S.D.N.Y. May 19, 1998) -- the case cited by Defendants (Opp. at 20) -- inmates sued the city of New York alleging civil rights violations based on correction officers' use of excessive force. The corrections officers brought a third-party claim against the city and the Department of Corrections, claiming they had been wrongfully denied representation to defend against the plaintiff's claims and seeking indemnification in the event of an adverse judgment. This gave rise to a novel legal question as to whether the claim could be raised outside of an Article 78 proceeding. *Id.* at *27 ("No New York State Court has expressly determined whether, under New York law, a refusal to indemnify must be determined in an Article 78 proceeding.").

with potential NYLL claims who are eligible to join this lawsuit," Defendants devote six pages of their brief arguing that Plaintiffs have not satisfied numerosity. (*See* Opp. at 3, 13-18)

Here, Plaintiffs are restaurant service employees who are bringing claims for failure to pay the state minimum wage, overtime pay, proper tips and spread of hours pay. These are relatively small claims brought by individuals -- a number of whom are current employees -- who do not have the type of resources to individually litigate their claims. This is exactly the type of case courts have found well-suited for class treatment. *See Prasker*, 2010 U.S. Dist. LEXIS 1445 at *7-8 (for class of restaurant " waiters, servers, bussers, coffeepersons, porters/bussers, bartenders, barbacks, and/or cocktail servers," class treatment of state law claims for " unpaid minimum wages, overtime pay, spread-of-hours pay, uniform-related expenses, and misappropriated tips and mandatory 'service charges,'" was desirable because " because "it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually").[11]

Defendants' cases which found joinder practicable despite a class at or exceeding forty members involved smaller classes with bigger claims and are wholly inapposite. For example, in *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405 (S.D.N.Y. 1998) (cited in Opp. at 15-16), an action for securities fraud, the court explained:

> The 38 to 40 potential plaintiffs here are sophisticated investors, with sufficient financial resources to protect their own interests. Moreover, the majority of potential class members invested well over $ 1 million, with some investing in the tens of millions and none investing less than $ 100,000. Under these circumstances, the principle of protection for

---

[11] *See also Gortat v. Capala Bros.*, 07-CV-3629(ILG)(SMG), 2009 U.S. Dist. LEXIS 101837, at *25 (E.D.N.Y. Oct. 16, 2009) (report and recommendation) (putative members presently employed by defendants are unlikely to risk retaliatory action by defendants by bringing claims on their own, and that "many if not most of the purported class members are persons with inadequate resources to exercise their rights by prosecuting their own claims"); *Jankowski v. Castaldi*, 01-cv-0164 (SJF)(KAM), 2006 U.S. Dist. LEXIS 4237, at *13 (E.D.N.Y. Jan. 11, 2006) (finding numerosity where the proposed class members "seem to possess relatively small claims unworthy of individual adjudication due to the amount at issue").

weaker plaintiffs which underlies *Rule 23* cannot be invoked, nor can joinder be said to be impracticable.

*Id.* at 411.[12]

### B. Issues Common To The Class Predominate Over Individual Questions.

Plaintiffs allege that Defendants' tip practices violated FLSA tip credit provisions and NYLL § 196-d and that Defendants' failed to pay the "spread of hours" premium.[13] (*See* Mot. 2-9) In a case involving similar claims brought by service employees at a restaurant, this Court recently held that "[c]ommon factual allegations -- that Defendants failed to pay proper minimum wages, overtime, and spread-of-hours pay, misappropriated tips, and failed to pay for uniform-related expenses -- and a common legal theory -- that Defendants' wage and hour policies violated the NYLL -- predominate over any factual or legal variations among Class Members." *Prasker*, 2010 U.S. Dist. LEXIS 1445 at *6.

Defendants have not even attempted to point out any individual issue that defeats predominance. Instead, they make two facetious arguments. First, Defendants erroneously contend that "Plaintiffs submitted only cookie cutter affidavits of limited detail." (Opp. at 19) Second, Defendants make the doubly baseless argument that predominance is defeated because "Plaintiffs' state law claims do not 'mirror' the federal law overtime claims of the current 22 FLSA plaintiffs." (Opp. at 20)

---

[12] Defendants other citations are similarly distinguishable. *See Rahman v. Smith & Wollensky Rest. Group*, 06 Civ. 6198, Slip Op. (S.D.N.Y. July 1, 2009) (sought to establish class of about 40 Muslim and/or Southeast Asian employees on Title VII discrimination claims); *Deen v. New Sch. Univ.*, 05 Civ. 7174 (KMW), 2008 U.S. Dist. LEXIS 7846, *12-13 (S.D.N.Y. Feb. 1, 2008) (class of graduate students with claims worth $60,000 or more, were "'educated professionals' who have the 'monetary incentive to protect their own interests'"); *Universal Calvary Church v. City of New York*, 177 F.R.D. 181 (S.D.N.Y. 1998) (joinder not impracticable where plaintiffs' counsel acknowledged he knows the identities of every potential plaintiff and is willing to join them, and where plaintiffs' excessive force claim turned largely on individual facts); *Ansari v. New York Univ.*, 179 F.R.D. 112 (S.D.N.Y. 1998) (proposed class of 35 foreign dentists suing for return of $30,000 tuition).

[13] While Defendants express confusion about Kadushin Ex. M (Opp. at 20 n.10), the payroll records in that exhibit plainly show several instances were "waitstaff" worked more than ten hours without any indication that that person received the requisite one hour's pay at the minimum wage.

### 1. **<u>Plaintiffs' Evidence Supports Certification.</u>**

Defendants purposefully neglect to mention that in support of their certification motion, Plaintiffs not only submitted declarations from the three named Plaintiffs and two opt-ins, but also more than forty pages of deposition testimony and more than thirty pages of payroll records.

Defendants take issue with the fact that Plaintiffs submitted declarations from their motion for 216(b) certification in support of their motion for Rule 23 class certification.[14] (*See, e.g.,* Opp. at 7) However, the same statements Plaintiffs made under oath in their declarations were true then and remain true. Defendants have failed to point out a single instance where a statement in Plaintiffs' declarations was inconsistent with their deposition testimony. Moreover, the fact that Plaintiffs' stated experiences mirror one another strengthens rather than weakens their certification motion. *Cf. Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 160 (N.D.N.Y. 2008) ("[E]ven though Plaintiffs' Affidavits were exceptionally similar, this should not defeat their Application for conditional certification and court-approved notice.").[15]

### 2. **<u>Common Issues Predominate.</u>**

Defendants' second argument against predominance is both factually incorrect and legally unfounded. Not only is it clear that Plaintiffs' FLSA and NYLL claims are factually and legally similar, there is no requirement that Plaintiffs' NYLL claims "mirror" their FLSA claims -- only

---

[14] Obviously, the simple fact the same declaration is used to seek certification under both 216(b) and Rule 23 is not problematic, since plaintiffs frequently make those motions together without submitting two separate sets of affidavits. *See, e.g., Alcantara v. CNA Mgmt.*, 08 Civ. 00291 (BSJ), 2009 U.S. Dist. LEXIS 114612(S.D.N.Y. Dec. 8, 2009); *Frederick v. Dreiser Loop Supermarket Corp.*, 06 Civ. 15341 (AKH), 2008 U.S. Dist. LEXIS 86138 (S.D.N.Y. Oct. 24, 2008); *Ansoumana*, 201 F.R.D. 81.

[15] Not surprisingly, Defendants' citations are inapposite. (Opp. at 19) *See, e.g., Harris v. Initial Sec., Inc.*, 05 Civ. 3873 (GBD), 2007 U.S. Dist. LEXIS 18397, at *17 (S.D.N.Y. Mar. 7, 2007) (in Title VII race discrimination case, court found no evidence of commonality where plaintiffs alleged discriminatory terminations despite fact that "Plaintiffs' own expert found *no evidence* of discrimination in Defendant's termination practices") (original emphasis); *Mendoza v. Casa De Cambio Delgado, Inc.*, 07CV2579(HB), 2008 U.S. Dist. LEXIS 27519, at *6-7 (S.D.N.Y. Apr. 7, 2008) (in motion for 216(b) certification, "principal defect" in plaintiffs' affidavits was "that not one Plaintiff affidavit purports a factual nexus with other putative employees"). Moreover, plaintiffs' renewed motions for 216(b) and Rule 23 certification in *Mendoza* were granted. *Mendoza v. Casa De Cambio Delgado*, 2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. Aug. 12, 2008).

that issues common to the class regarding the NYLL claims predominate over the individual issues. *Frederick*, 2008 U.S. Dist. LEXIS 86138 at *4 (certifying class where "common questions concerning Defendants' alleged nonpayment of overtime wages predominate over those requiring individualized proof.").

### C. A Class Action Is The Superior Method.

Lastly, in a throw-away argument, Defendants rehash their numerosity argument and contend that a class action is not the superior method for adjudicating Plaintiffs' claims because class members could "assert their NYLL claims by joinder." (Opp. at 22) The argument fails here for all the reasons stated *supra*. In any event, courts have found that claims for failure to pay minimum wage or overtime pay "are about the most perfect questions for class treatment." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. at 373.

### Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion to certify their state wage and hour claims as a class action pursuant to Rule 23.

Dated: New York, New York
      January 25, 2009

      Respectfully submitted,
      JOSEPH, HERZFELD HESTER &
      KIRSCHENBAUM LLP
      By: /s/Matthew D. Kadushin
           Matthew D. Kadushin
      Matthew D. Kadushin
      Diane Hester
      D. Maimon Kirschenbaum
      757 Third Avenue
      25th Floor
      New York, NY 10017
      Tel: (212) 688-5640
      Fax: (212) 688-2548

*Attorneys for Plaintiffs and the proposed class*