UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

SALIM SHAHRIAR, MUHAMMAD
ISLAM, AND MARY HARVEY on
behalf of themselves and all others
similarly situated,

                                                                      INDEX NO: 08 CIV. 057(MGC)

          Plaintiffs,

  v.

SMITH & WOLLENSKY
RESTAURANT GROUP, INC. d/b/a
PARK AVENUE RESTAURANT AND
FOURTH WALLS RESTAURANTS
LLC, d/b/a PARK AVENUE
RESTAURANT,
---------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS ALL STATE LAW CLAIMS WITHOUT PREJUDICE**


D. Maimon Kirschenbaum
Denise Schulman
Charles Joseph
Joseph, Herzfeld, Hester and Kirschenbaum LLP
757 Third Avenue, 25th Floor
New York, NY  10017
Tel: (212) 688-5640
Fax:  (212) 688-2548

*Attorneys for Plaintiffs*

I.      **PRELIMINARY STATEMENT**

Plaintiffs brought this lawsuit against Defendants seeking unpaid wages and tips under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law.[1] This Court granted Plaintiffs' motion to proceed with state law claims on behalf of a class pursuant to Fed. R. Civ. P. 23.  Defendants petitioned the Court of Appeals for the Second Circuit for an appeal of this Court's decision granting class certification, arguing that class certification is inappropriate here because the Court does not have supplemental jurisdiction over Plaintiffs' state law class claims.  On March 17, 2010, this Court entered a stay of this action pending the disposition of this matter on appeal.  On May 14, 2010, the Second Circuit accepted Defendants' appeal.

By this motion, Plaintiffs seek (A) a lifting of the stay for purposes of this motion, and (b) dismissal of their state law claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) in order to avoid a lengthy delay in the resolution of the case while Defendants' appeal is pending. The federal claims that have been asserted by the Named Plaintiffs and the opt-in plaintiffs shall remain in federal court.  Defendants' primary argument against Plaintiffs' motion for class certification and on appeal is that class certification was inappropriate because of a lack of supplemental jurisdiction over the Rule 23 state law claims.  Plaintiffs maintain that Defendants' argument is completely without merit. Nevertheless, in the interest of prosecuting Plaintiffs' and the Class's state law claims expeditiously, Plaintiffs wish to proceed with the state law claims in the forum that Defendants believe is appropriate – state court.  Defendants are not prejudiced by Plaintiffs' withdrawal; the litigation and discovery that has taken place to date remains necessary

---

[1] In support of this motion, Plaintiffs submit the August 9, 2010 declaration of D. Maimon Kirschenbaum ("Kirschenbaum Decl."), attaching thereto as Exhibit A the First Amended Complaint in this action, as Exhibit B Defendants' Petition for Permission to Appeal from Order Granting Class Certification ("Defs.' Pet."), and as Exhibit C the transcript of the January 28, 2010 oral argument on Plaintiffs' motion for class certification in this action ("Tr.").

to both the FLSA claims that will remain in federal court and the state law claims that Plaintiffs will re-file in state court.

## II.  PROCEDURAL HISTORY

Plaintiffs Salim Shahriar, Muhammad Islam, and Mary Harvey filed this action against Defendants Smith & Wollensky Restaurant Group and Fourth Walls Restaurants LLC (collectively, "Defendants") on January 4, 2008, seeking unpaid wages and tips under the FLSA and New York Labor Law.  Both the federal and state law claims revolve around Defendants' requirement that tipped employees at Park Avenue Café share tips with certain individuals that are tip-ineligible.  As of this date, 27 individuals have asserted their federal claims by joining this lawsuit.  Kirschenbaum Decl. ¶ 2.

On January 29, 2010, the Court certified Plaintiffs' New York Labor Law claims as a class action pursuant to Fed. R. Civ. P. 23.  Defendants timely filed a petition with the Second Circuit Court of Appeals seeking permission to appeal this Court's Order certifying the class.  The questions presented for review on appeal included, "Whether the district court committed manifest error in determining that Plaintiffs' FLSA "opt-in" action can be converted into a Rule 23 class "opt-out" action?"  Defs.' Pet. at 2.  In their petition, Defendants argued that Rule 23 certification was inappropriate in this case because the state law class is substantially larger than the FLSA collective and that supplemental jurisdiction was therefore inappropriate.  *Id.* at 9-14.

On March 17, 2010, this Court granted Defendants' motion to stay this action pending their appeal. On May 14, 2010, the Second Circuit Court of Appeals granted Defendants' petition for leave to appeal.  Kirschenbaum Decl. ¶¶ 5-6.  Plaintiffs now ask the Court to lift the March 17, 2010 stay for the limited purpose of seeking a voluntary dismissal of their state law claims (the Third, Fourth, Fifth, and Sixth Claims for Relief).  Plaintiffs seek to dismiss their

2

state law claims without prejudice and without costs pursuant to Fed. R. Civ. P. 41(a)(2) so that they may re-file those claims in state court and avoid the lengthy delays and wasteful use of resources associated with Defendants' appeal.

### III. ARGUMENT

Fed. R. Civ. P. 41(a)(2) provides, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

"[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 31 (S.D.N.Y. 2009) (internal quotation marks omitted). "Dismissal with prejudice on this basis, however, is a 'harsh remedy to be used only in extreme situations.'" *Ivoclar Vivadent Inc. v. Corp. Cortex Machina*, No. 01 Civ. 0113A, at *15, 2004 U.S. Dist. LEXIS 22729 (W.D.N.Y. Oct. 14, 2004) (quoting *Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir. 1994)).

In determining whether dismissal of an action would prejudice a defendant, courts consider "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of litigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. N.Y. 2001) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). Applying these factors, it is clear that dismissing the state law claims here will not substantially prejudice Defendants.

### 1. Plaintiffs have been diligent in bringing this motion

Plaintiffs have been diligent in filing this motion. In order for this factor to weigh against dismissal, a defendant "must show that it expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Central de Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 U.S. Dist. LEXIS 87093, at *11 (S.D.N.Y. Nov. 30, 2006). Defendants' reliance on an expectation that Plaintiffs would pursue the state law claims does not prejudice Defendants: Plaintiffs have pursued the state law claims and will continue to pursue these claims in state court. Plaintiffs asserted their state law claims in good faith and have diligently litigated them. Plaintiffs moved this Court for class certification and prevailed. However, the Second Circuit's recent acceptance of Defendants' petition for appeal necessitates a costly and time-consuming appeal. This can be avoided by litigating these claims in state court, consistent with Defendants' position that this Court lacks supplemental jurisdiction over the claims. Therefore, Plaintiffs have chosen to file this motion now.

Also relevant to Plaintiffs' diligence are Plaintiffs' attempts to obtain Defendants' consent for dismissal. *Cont'l Ins. Co. v. Morrison Express Corp., Ltd.*, No. 06 Civ. 2408, 2009 U.S. Dist. LEXIS 38727, at **3-4 (E.D.N.Y., May 6, 2009) (finding diligence where party seeking dismissal "brought its motion to dismiss shortly after the denial of Trans Air's summary judgment motion, and attempted to secure Trans Air's consent to dismissal even earlier"). Plaintiffs asked Defendants several times to consent to having the state law claims brought in state court. Plaintiffs clarified that this would result in the precise relief Defendants seek on appeal: dismissal of the state law claims. In opposing Plaintiffs' motion for class certification, Defendants stressed their belief that supplemental jurisdiction was inappropriate. Tr. 2:7-23,

4

8:13-15  At oral argument on Plaintiffs' motion, Plaintiffs offered and the Court encouraged Defendants to remove the entire case to state court.  Tr. 5:7-7:9.  However, Defendants refused. *Id.* at 6:3-17.  In an in-person meeting with Defendants on July 21, 2010, Plaintiffs again offered to remove the state law claims to state court.  Again Defendants have failed to accept Plaintiffs' offer, despite their purported concerns regarding supplemental jurisdiction.  Kirschenbaum Decl. ¶ 7.  In light of the above, as well as the fact that Plaintiffs file this motion before Defendants' appeal has been briefed, Plaintiffs have acted diligently.[2]

### 2. Plaintiffs have not engaged in vexatious conduct

Plaintiffs have not acted vexatiously, as they have no "ill-motive."  *A.V. by Versace, Inc.*, 261 F.R.D. at 32.  Plaintiffs simply wish to move this case forward and avoid the substantial delays associated with Defendants' appeal.  Far from prejudicing Defendants, dismissal of Plaintiffs' state law claims will save Defendants time and money by avoiding a costly and time consuming appeal.  As such, it is clear that Plaintiffs are not acting with any ill-motive.

### 3 and 4. The progress of the action and the duplicative expense of litigation

The progress of this action does not preclude Rule 41(a)(2) dismissal.  Discovery has not been completed, and Defendants' appeal is still pending.  Defendants have yet to move for summary judgment, and no trial date is set.  *See Cont'l Ins. Co. v. Morrison Express Corp., Ltd.*, No. 06 Civ. 38727, 2009 U.S. Dist. LEXIS 38727, at *4 (E.D.N.Y., May 6, 2009) ("Although the suit is almost three years old, discovery has been conducted, and a summary judgment motion adjudicated, these facts are not necessarily sufficient to warrant dismissal with prejudice.");

---

[2] Plaintiffs' decision to pursue the state law claims in state court in order to avoid the costs and delays of an appeal, even if characterized as a "tactical" decision, is not prejudicial to Defendants. *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996) ("[T]actical disadvantage is not sufficient legal prejudice to prevent a Rule 41(a)(2) dismissal."); *American Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. Okla. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved.").

*Jaskot*, 167 F.R.D. at 372 (granting Fed. R. Civ. P. 41(a)(2) motion where plaintiff submitted his motion before summary judgment motion was fully briefed and before the parties submitted a pre-trial order).

Moreover, most of the discovery the parties have engaged in to date is relevant to Plaintiffs' federal claims,[3] which will continue to be litigated in this Court regardless of the outcome of this motion. The remainder of discovery is pertinent to the state court case that Plaintiffs will file.[4] *See A.V. by Versace, Inc.*, 261 F.R.D. at 33 (finding no prejudice where discovery and legal work conducted could be used in a subsequent case); *Steward v. Womack Material Handling Sys.,* No. 06 Civ. 1648, 2009 U.S. Dist. LEXIS 115559, at *9 (E.D.N.Y., Dec. 11, 2009) ("While the case has been pending for nearly three years in this court, the fruits of the eighteen months of pretrial discovery can be easily carried over to the state court litigation."); *Banco Central de Paraguay,* 2006 U.S. Dist. LEXIS 87093, at *7 ("whatever work defendants have done in preparing for trial can easily be used in a subsequent, similar action"). Thus, while the parties have engaged in significant discovery, this case is far from trial, and the vast majority of the work done to date can and must be used in the continued litigation of the federal claims in this action and/or of the state law claims in a state court action. Accordingly, the extent of the progress of this action does not give rise to any prejudice to Defendants and there are no or *de-minimus* duplicative expenses of litigation.

Most importantly, removing the state claims to state court saves both parties the additional expense of Defendants' appeal, which if successful, will also result in a second

---

[3] The primary federal and state claims in this action revolve around the inclusion of non-service employees in Defendants' tip pool.

[4] Plaintiffs' intent to file the state law claims in state court is also not prejudicial to Defendants. *A.V. by Versace, Inc.*, 261 F.R.D. at 33 ("The mere prospect of a second litigation is insufficient to rise to the level of legal prejudice.")

litigation.  If the Second Circuit finds that supplemental jurisdiction is inappropriate, Plaintiffs will likely file another class action in state court on behalf the putative class.

### 5. Plaintiffs' reason for seeking dismissal

Finally, Plaintiffs have a good reason for seeking dismissal: to ensure a speedy resolution of this action.  Defendants' appeal will substantially delay the resolution of this action, to the detriment of Plaintiffs and members of the class.  Dismissal of Plaintiffs' state law claims would move the case forward and effectively grant Defendants the relief they seek in their appeal.  In addition, dismissing the state law claims at this point avoids a wasteful expenditure of resources in a patently unnecessary appeal, thus benefiting all parties.

## IV. CONCLUSION

Dismissing Plaintiffs' state law claims pursuant to Fed. R. Civ. P. 41(a)(2) would not unduly prejudice Defendants. The Court should dismiss Plaintiffs' state law claims in this action without prejudice and without costs.

Dated: New York, New York
      August 9, 2010

                                  Respectfully submitted,

                                  JOSEPH, HERZFELD, HESTER &
                                  KIRSCHENBAUM LLP

                                  /s/ D. Maimon Kirschenbaum_____
                                  D. Maimon Kirschenbaum

                                  Denise Schulman
                                  Charles Joseph
                                  757 Third Avenue, 25th Floor
                                  New York, NY 10017
                                  Tel: (212) 688-5640
                                  Fax: (212) 688-2548
                                  *Attorneys for Plaintiffs*